## Case No. 7,563.

### In re JUDSON.

[3 Blatchf. 148.] [1]

Circuit Court. S. D. New York. Dec., 1853.

#### ATTACHMENT FOR CONTEMPT—WITNESS.

1. An attachment for contempt of court will not be granted unless a case of clear contempt is established.

2. When the contempt is not committed in facie curiae, it must be proved by affidavits from persons who witnessed it.

[Cited in Re Wood, 82 Mich. 83, 45 N. W. 1116.]

3. Where a witness. on his examination before a commissioner of this court, de bene esse, under section 30 of the judiciary act of September 24, 1789 (1 Stat. 88, 89), in a suit pending elsewhere, refused to answer a question put to him, and, on a motion to this court for an attachment against the witness for contempt, nothing appeared but the fact of such refusal, and the materiality of the evidence sought was not shown: Held, that the attachment could not be granted.

[Cited in Roberts v. Walley, 14 Fed. 170.]
[Cited in Bates' Case. 55 N. H. 326: Thomas v. People (Colo. Sup.) 23 Pac. 328.]

4. The same rules must be applied in determining the propriety of compelling a witness to answer a particular question, on his examination, de bene esse, before a commissioner, under the act of 1789, that govern the court on the examination of a witness on a trial before the court.

[Cited in U. S. v. Anon., 21 Fed. 771; Re Allis, 44 Fed. 217.]

This was a motion for an attachment to compel one William Judson to answer a question put to him on his examination before a commissioner of this court, as a witness de bene esse under the provisions of the 30th section of the act of congress of September 24, 1789 (1 Stat. 88, 89), in a suit pending in the circuit court of the United States for the district of Massachusetts. [The witness had previously been brought in by an attachment. Case No. 7,561.] In the course of his examination, the following question was propounded to the witness: "Did you pay Chaffee any money for said assignment" (in regard to which assignment he had previously been questioned and had given testimony), "at the time it was given, or have you paid him any since therefor, and when, and how much?" The witness declined to answer the question, alleging that it was irrelevant to the cause, and, also, that all the knowledge he had in relation to the matter inquired about, he obtained in the way of his profession, as an attorney and counsellor at law, as attorney for one Charles Goodyear, and that all his acts in the matter were in that capacity; and he insisted that his answering the question would be in violation of the privilege of Goodyear, his client. The commissioner directed the witness to answer the question. He refused to do so, and tendered a demurrer in writing to the question for the causes before stated. A motion was made to the commissioner to commit the witness for contempt in refusing to answer the question proposed. The commissioner declined acting on the motion, and adjourned the examination to an after day, and certified to this court his proceedings, and the demurrer put in by the witness.

Charles O'Conor, for witness.
Edgar S. Van Winkle, for the motion.

BETTS, District Judge. It is a cardinal principle, in relation to the summary and imperative proceeding by attachment, that that writ will not be granted unless a case of clear contempt be established. When the contempt is not committed in facie curiae, it must be proved by affidavits from persons who witnessed it. 7 Dane, Abr. pp. 307, 308, c. 220, art. 4. The evidence accompanying the papers on this motion proves no other fact than the refusal of the witness to answer the question propounded. There is nothing tending to show the connection of the inquiry with the subject matter of the action or defence, and the motion is urged upon the assumption that the witness was bound to answer the interrogatory, whatever might be the character of the disclosure obtained by it, and has committed a contempt of court by refusing to do so.

I see no reason why any more stringent obligation should be imposed upon a witness in these outside examinations than is enforced in court. Before the court will adjudge a witness to be in contempt or commit him therefor, it will require more than

[3] [From 1 N. B. R. 364 (Quarto. 82).]
[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

proof of the fact that he declines to respond to a question. It will inquire whether the question is relevant and material to the case or hearing (1 Greenl. Ev. § 319); and also whether the witness is legally exempt from answering it. No contumacy can be imputed to him, until these points are determined. The law gives no color to the practice, which not unfrequently intrudes upon judicial proceedings, of besetting a witness with impertinent inquiries, calculated to pry into his private affairs, or into his own character or that of other persons, or to subject him to personal liability, when the inquiries are not shown to have a legitimate bearing upon the cause on trial; and it is guarded in coercing answers to questions when their materiality is not clearly manifest. In this case, the court will not suspect any improper motive in the party pushing the inquiry which was resisted by the witness, nor, on the other hand, is it furnished with means to determine that the witness refused to answer from a refractory or contumacious disposition. It is enough to say, that the party who invokes the court to order the witness to be imprisoned until he consents to give the testimony demanded, has omitted to prove that such testimony might be relevant and material to the issue in the cause. The English court of exchequer refused an attachment against a witness for not attending the court upon subpoena, although the affidavits asserted that his evidence was material and necessary for the party who subpoenaed him, because of the immateriality of the evidence sought for, and also because the affidavits did not specify in what respect the evidence was material. Dicas v. Lawson, 1 Cromp. M. & R. 934, 5 Tyrw. 235. And an action cannot be maintained against a witness by the party who subpoenaed him, for refusing to appear and testify, without proof that his testimony was material. 3 Daniell, Ch. Prac. 27.

The counsel for the motion urges that it belongs to the court in Massachusetts, on the return of the deposition, to determine whether the evidence is pertinent to the case, and that that court will exclude the evidence if it is found not to be pertinent. This argument is correct, in so far as it relates to the conduct of the commissioner. That officer must write down and return to the court any species of evidence offered before him, and the court will receive or reject it according to the rights of the parties. But most serious mischief may be in that way effected, if a witness is compellable, in all cases, to answer, in the first instance, all questions put to him. He may be thus compelled to make public important secrets in relation to the rights or character of himself or others, which the party extorting them has no title to or interest in, and which are drawn out through a course of interrogation that would have been peremptorily arrested had the examination taken place in open court.

These ex parte examinations cannot claim privileges or powers which the court they are designed to aid could never exercise itself. This court interposes its authority, to compel witnesses to attend before commissioners and give evidence there, under the provisions of the 30th section of the judiciary act of 1789, which declares that any person may be compelled to appear and depose before a commissioner, in the same manner as to appear and testify in court. Accordingly, a refractory or reluctant witness, who has been duly subpoenaed to attend for examination before a commissioner, will be made to obey the order, to the same extent as if the writ of subpoena had been returnable to. this court. There is nothing in the law, or in the reason of the case, which supplies a different authority, in respect to ex parte evidence taken out of court, from that which legally appertains to the court in proceedings before it. The act places both on the same footing.

I do not determine other points raised and discussed on the argument, as to whether a commissioner can take depositions except under an express order of the court made in a cause, or under a commission; as to whether the issues between the parties in the cause must be before the commissioner; as to whether a witness can object by demurrer to questions proposed, or is competent to take. on his own part, the exception, that questions put to him are irrelevant to the case; nor as to whether .the facts set up by the witness in this case establish a privilege in Goodyear, his client, which prevents the witness from testifying to the matter inquired of.

My decision is placed on the ground, that there is no evidence before the court that the question which the witness refused to answer had any materiality whatever to the cause. and that this court ought not to award the high writ of attachment, to draw out answers to questions which may turn out to be frivolous and impertinent. There must exist a plain reason for believing that the ends of justice may be frustrated by the recusancy of a witness, unless his reply be coerced to an interrogatory. before the court will subject him to the summary and imperative process of attachment. The motion is denied, with costs.