## Case No. 1,103.

### BATES v. PAYSON.

[4 Dill. 265.] [1]

Circuit Court, D. Colorado. 1877.

FEDERAL COURTS—ADMISSION OF COLORADO INTO THE UNION—DISPOSITION OF CAUSES OF A FEDERAL CHARACTER PENDING IN THE SUPREME COURT OF THE TERRITORY—ACT JUNE 26, 1876, CONSTRUED.

Under the act of congress [of June 26, 1876,] (19 Stat. 61, § 8.) establishing federal courts in the state of Colorado, and providing for the disposition of cases pending in the supreme and district courts of the territory at the time of the admission of the state into the Union, cases of a federal character pending on appeal or writ of error in the supreme court of the territory at the time of the admission of the state, may be heard and decided in the proper federal court created by said act, which may affirm the judgment below or reverse it and order a new trial in the federal court, and in either case enter final judgment.

[Followed in U. S. v. Lynde, 44 Fed. 216.]

At law. [Joseph R.] Payson, assignee in bankruptcy of the Republic Insurance Company, of Chicago, Illinois, sued [Joseph E.] Bates in assumpsit in the district court of Arapahoe county, to recover a balance alleged to be due from the latter on his subscription to the capital stock of the company. The suit was brought and judgment was entered against Bates under the territorial government, and he, pursuant to a law of the territory, removed the cause into the supreme court of the territory by appeal. This appeal was pending in that court on the 1st day of August, 1876, when the territory became a state. It appears that the record of the case then passed to the supreme court of the state, from whence it was transferred to this court by agreement of parties.

It was suggested that this court has not jurisdiction to review the record of a territorial court, or to give any judgment whatever respecting it. It was also urged that if this court can, in any case, review a record of a territorial court, as to a judgment at law, the proceeding must be by writ of error, and not by appeal, as in this case.

The eighth section of the act of [June 26.] 1876, (19 Stat. 61,) which, it was conceded, must govern, is as follows: "That in respect of all cases, proceedings, and matters pending in the supreme or district courts of the territory of Colorado at the time of the admission of said state into the Union, whereof the circuit or district courts" (of the United States) "by this act established might have had jurisdiction under the laws of the United States, had said courts existed at the time of the commencement of such cases, the said circuit and district courts, respectively, shall be the successors of said supreme and district courts of said territory; and all the files, records, and proceedings relating thereto shall be transferred to said circuit and dis-

trict courts, respectively, and the same shall be proceeded with therein in due course of law."

Thomas Macon, for appellant.
J. W. Blackburn, for appellee.

MILLER, Circuit Justice, presiding, overruled the objection. It was admitted that the case was one which might have been brought in a federal court, if such courts had existed at the date of the commencement of the suit. As such, the case was within the eighth section of the act. By that section this court is declared to be the successor of the supreme court of the territory as to all such cases, with power to proceed therein "in due course of law." This means that this court may do all that was left undone in the supreme court of the territory. The cause was pending in that court for review, and we may proceed as that court would have proceeded if it had retained the case. The way in which, under the territorial statutes, the cause was taken to the supreme court of the territory, is not material to be considered. The act of congress applies to all cases of federal character pending in that court at the date of the admission of the state, and it matters not whether they were removed into that court by writ of error or appeal.

If it were necessary to remand the cause to the state court there would be a difficulty in disposing of it, but that was not required. Whether the judgment should be affirmed or reversed, we could enter the proper judgment here, and, if necessary, we could try the case again in this court.

Afterwards, and at this same term, argument was heard on the errors assigned, and the court finding no error in the record, the judgment was affirmed, and it was ordered that the said judgment be entered of record in this court.

Judgment accordingly.