IN THE MATTER OF THE APPLICATION FOR THE ISSUING OF A SUBPŒNA TO BACHE McE. WHITLOCK, APPELLANT.

*Evidence — privileged communications — disclosure by an attorney.*

A witness, examined under a commission issued out of a court of a foreign country, will not be required to answer questions relating to letters in his possession written by the parties to the foreign controversy, where such letters were received by him, in his capacity as attorney for one of such foreign litigants, in an action brought in this State. It is not an answer to his claim for protection from their enforced disclosure, that the statute in this State relating to such disclosure, by a client to his counsel, does not exist in the foreign country where the testimony, sought by such commission, is to be used.

*Quære*, whether the rule at common law is not clearly enough defined to protect a witness under such circumstances.

That the court in this State would not, in such a case, require the evidence to be given, leaving the reception or rejection of the testimony to be determined by the rules of evidence as administered in the foreign court at the time of the trial.

The witness was shown to have had certain letters in his possession written by one of the foreign litigants, who had never been his client, it appeared that the purpose sought to be attained by their production was to discover the basis of the claim of the client of the witness, in the action pending in the courts of this State, and that such letters did not have any bearing upon the issues in the action in the foreign court.

*Held*, that, under the circumstances, the witness should not be required to produce the letters.

APPEAL by Bache McE. Whitlock from an order of the New York Special Term, dated and entered in the New York county clerk's office October 18, 1888, requiring him to appear before the commissioners appointed by the High Court of Justice, in England,

to take evidence in this State in an action pending before it, wherein Charles G. Francklyn is plaintiff and John Walter and George C. Wright, proprietors of the London Times, are defendants.

*W. C. Beecher*, for the appellant.

*C. E. Tracy*, for the applicants, respondents.

MACOMBER, J. :

The commission which was issued by the High Court of Justice, in England, to take evidence in the case of *Francklyn* v. *The Proprietors of the London Times*, authorized the taking of the testimony *viva voce* of the witnesses produced before it by the solicitors or agents of the parties to that action.

The action in which such testimony is sought is for libel, for the publication in the London Times of a charge, emanating from New York, that the plaintiff in that action, being described as the president of the Horn Silver Mining Company, had been arrested and committed to prison in default of bail in $500,000, which he was required to find, and alleging that he was charged with having embezzled $508,000 of the company's funds.

The counsel for the publishers proved before the commissioners the fact of Francklyn's arrest, and proceeded to offer evidence of matters charged against him in the proceedings for arrest, and called as a witness in their behalf Mr. Whitlock, the appellant. From his evidence it appeared that he was an attorney and counselor at law, and the agent and attorney for Sir Bache Cunard who was the plaintiff in an action in the Supreme Court of the State of New York in which Francklyn as defendant had been arrested and held until bail was given, upon a charge of embezzlement to the extent of about $3,000,000.

This witness had in his possession certain letters and reports, emanating from Francklyn to Sir Bache Cunard, relating to the controversy between Cunard and Francklyn. He declined, on cross-examination, to answer certain questions that were put to him touching such papers, and refused to disclose communications made between himself and his client, upon the ground that they were privileged under the law of this State, and that he could not, consequently, be compelled to divulge them, and further declined to

produce the documents admitted to be in his possession upon this and other grounds.

The witness testified that he caused the arrest of Francklyn in the action for embezzlement upon a special instruction, in writing, received from Sir Bache Cunard, and that the witness wrote letters to his client in regard thereto. He was then asked these questions: " Q. Will you please produce the letter which you wrote to Sir Bache Cunard upon the subject? A. It is not in my possession. Q. Did you keep a letter-press copy of that letter? A. I did. Q. Have you that in your possession? A. I have. Q. Will you produce that? A. I decline to do so." In another part of his examination the witness was asked these questions : " Q. Did not the plaintiff in that action state to you in June, 1887, that Francklyn has converted, in money and cash, to his own use to the value of three million dollars? A. I decline to answer that question on the same ground. * * * Q. Will you please produce all letters received by you from Sir Bache Cunard prior to the commencement of this action and relating to the commencement thereof — this is the action of *Cunard* v. *Francklyn?* A. I decline to do so on the same ground. Q. Will you produce all communications made by you to Sir Bache Cunard prior to the commencement of this action of *Cunard* v. *Francklyn* and relating thereto? A. There are none of them in my possession. Q. Will you produce letter-press copies of any that you have? A. I decline to do so on the same ground." All of those questions the witness declined to answer upon the ground of professional relations existing between himself and his client, Sir Bache Cunard.

In my judgment no one of those questions was allowable under the Code of Civil Procedure of this State, which provides (§ 835) as follows: " An attorney or counselor at law shall not be allowed. to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment." The evidence sought to be adduced by the questions quoted above was directly in conflict with the wholesome common-law rule which has existed for so many years and which finally found its embodiment, in substance, in the statute above quoted.

The rights sought to be protected by this law are important and of a general public nature. It is not an answer to the objection to say that such a statute does not exist in England where the testi-

mony here sought is to be used. Nor is it needful for us to speculate whether or not the common-law rule which exists there is clearly enough defined to lead to the protection of the witness. It is sufficient that it appears before us that an officer of the court, upon whom is enjoined his sacred silence, is called upon to violate his oath of office and the statute. The evil of permitting this testimony to be given is instant upon its disclosure before the commissioners, when it becomes at once a matter of public record, and is not dependent, in any respect, upon the use to which it may ultimately be put on the trial of the action in which it is sought to be used.

Ordinarily, in taking the testimony of citizens or residents of this State, to be used elsewhere, the practice of the courts has been, and is, not to interfere with the course of the examination, so long as no public rights are invaded and no positive statute is violated, leaving the reception or rejection of the testimony to the rules as they shall be administered in the foreign jurisdiction at the time of the trial. But the case before us presents an exception to the rule. Should we compel Mr. Whitlock to answer these questions, we should require him to disclose the very secrets which the statute was intended to protect, and which the public is so deeply interested in preserving. These questions, therefore, and others, if there be any of like import, were illegally and improperly put to the witness on his cross-examination, and he was clearly justified in refusing to answer them.

There are other matters, however, involved in the order appealed from, which rest upon an entirely distinct consideration. The witness was shown to have in his possession certain letters, written by Mr. Francklyn, who never was a client of his, addressed to another person, mainly to Sir Bache Cunard, which found their way to the hands of the plaintiff's attorney in the action of *Cunard* v. *Francklyn*.

It is obvious that this attempted cross-examination was designed to discover the ground-work of the plaintiff's claim in the embezzlement case, and that it did not have any bearing upon the issues in the action for libel. It was a palpable attempt, under the guise of a cross-examination, to bring out facts which were material only in other controversies. When such a purpose affirmatively appears, the witness ought not to be coerced into premature disclosures. Undoubtedly, under section 915 of the Code of Civil

Procedure, a court or judge has power, when it appears that a witness refuses to answer a proper and material question, put to him before an open commission, to require him to do so, and in case he fails to answer or produce the writings, to punish him; but to that end it must be made to appear that the question which he refuses to answer, or the document which he refuses to produce, is material within the issues of that case, and not merely of another case.

But it is quite clear that the object of the cross-examination of this witness was to lay a foundation for the trial, not of the libel suit, but of the case of *Cunard* v. *Francklyn*, and for this reason I think this part of the order is also erroneous. Had it been made to appear that this correspondence, of which the witness is the custodian, might be material to the issues of the libel case in the remotest particular, I should be in favor of affirming that part of the order appealed from, for it clearly does not involve any question of professional privilege; but, inasmuch as it appears affirmatively that it is wholly irrelevant to the libel action and to the direct examination of the witnesses, the order, as a whole, should be reversed.

It is so ordered, with costs and disbursements.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, with costs and disbursements.