## UNITED STATES *v.* LYNDE *et al.*

*(Circuit Court, D. Montana.* June 30, 1890.)

FEDERAL COURTS—ADMISSION OF NEW STATES—TRANSFERS FROM TERRITORIAL COURTS
    —CASE PENDING ON APPEAL.
    Act. Cong. Feb. 22, 1889, admitting Montana as a state, provided that the United
    States circuit and district courts established by that act should be the successors of
    the supreme and district courts of the territory in respect of all cases then pending
    in the territorial courts of which such federal courts would have had jurisdiction
    had they been in existence. Section 23 further provides that "no writ, action, in-
    dictment, cause, or proceeding now pending, or that prior to the admission" of
    Montana "shall be pending, in any territorial court, shall abate by the admission of
    such state into the Union, but the same shall be transferred and proceeded with"
    in the proper federal court. *Held,* that the circuit court has jurisdiction to review
    such a case, which was pending on appeal in the territorial supreme court when
    the act was passed.

At Law.   On motion to dismiss appeal.
*Elbert D. Weed,* U. S. Atty.
*Luce & Luce,* for defendants.

KNOWLES, J.   This action was pending in the supreme court, of
Montana, on appeal from the district court of Gallatin county, when
Montana became a state in the Union.   The act of congress approved
February 22, 1889, (see U. S. St. at Large, 1888–89, p. 683,) provid-
ing for the admission of Montana and certain other territories into the
Union, contains the following provision:

"That in respect to all cases, proceedings, and matters now pending in the
supreme or district courts of either of the territories mentioned in this act at
the time of the admission into the Union of either of the states mentioned in
this act, and arising within the limits of any such state, whereof the circuit
or district courts by this act established might have had jurisdiction, under
the laws of the United States, had such courts existed at the time of the com-
mencement of such cause, the said circuit and district court, respectively,
shall be the successors of said supreme and district courts of said territory."

The United States is the party plaintiff, and the amount involved, ac-
cording the allegations of the complaint, is $106,000.   This court, had
it existed at the time this suit was brought, would have had jurisdiction
of the same.   St. March 3, 1887, c. 373, § 1, (24 St. 552,) as corrected
by St. Aug. 13, 1888, (25 St. 434.)

The defendants move to dismiss the appeal in this cause because this
court has no jurisdiction to hear the appeal pending in the supreme
court of Montana territory at the date Montana became a state in the
Union.   The above statute, relating to the admission of Montana and
other states into the Union, also provides, in said section 23:

"And all the files, records, indictments, and proceedings relating to any
such cases shall be transferred to such circuit, district, and state courts, re-
spectively, and the same shall be proceeded with therein in due course of law;
but no writ, action, indictment, cause, or proceeding now pending, or that
prior to the admission of any of the states mentioned in this act shall be pend-
ing, in any territorial court in any of the territories mentioned in this act,
shall abate by the admission of any such state into the Union, but the same

shall be transferred and proceeded with in the proper United States circuit, district, or state court, as the case may be."

Previous to this clause in said section 23, it had been provided what should be the disposition of all cases of which the United States circuit and district courts would not have had jurisdiction had they existed at the time the same were commenced. It is provided, it will be seen, that these cases are to be proceeded with "in due course of law;" that they are not to "abate," but are to "be transferred and proceeded with" in the proper court; that is, the court having jurisdiction of the same. There can be no doubt but that congress intended that these causes should be taken up as they were, and tried by the court having jurisdiction of the same.

The same question as is here presented, and under a statute the same in terms, arose in the circuit court of the United States for the district of Colorado, in the case of *Bates* v. *Payson*, 4 Dill. 265. In deciding the same, MILLER, the circuit justice, said:

"It is admitted that the case was one which might have been brought in a federal court, if such court had existed at the date of the commencement of the suit, as such was within the eighth section of the act. By that section this court is declared to be the successor of the supreme court of the, territory as to all such cases, with power to proceed therein 'in due course of law.' This means that this court may do all that was left undone by the supreme court of the territory. The cause was pending in that court for review, and we may proceed as that court would have proceeded if it had retained the case. The way in which, under the territorial statute, the cause was taken to the supreme court is not material to be considered. The act of congress applies to all cases of a federal character pending in that court at the date of the admission of the state, and it matters not whether they were removed into that court by writ of error or appeal. If it were necessary to remand the cause to the state court, there would be a difficulty in disposing of it, but that was not required. Whether the judgment should be affirmed or reversed, we could enter the proper judgment here, and, if necessary, we could try the case again in this court."

The interpretion of a statute almost word for word by one of such acknowledged ability and eminence has controlling weight with this court, and the interpretation given to that statute pertaining to Colorado will be adopted as the interpretation of the statute under consideration which pertains to Montana.

The motion to dismiss the appeal in this cause is overruled.