Let an injunction issue.

---

### PERRY v. RUBBER TIRE WHEEL CO. et al.

#### (Circuit Court, S. D. New York. April 27, 1905.)

DEPOSITIONS—RIGHT TO COMPEL ANSWERS TO QUESTIONS.

> The general rule is that witnesses whose depositions are being taken under Rev. St. § 863 [U. S. Comp. St. 1901, p 661], should be required to answer all questions which may possibly be material, subject to their right to be protected in their constitutional privileges.

> [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, § 141.]

On Motion to Require Witnesses to Answer Questions.

Charles W. Stapleton, for the motion.
Wm. R. Page, opposed.

TOWNSEND, Circuit Judge. The counsel herein are engaged in taking depositions under section 863, Rev. St. [U. S. Comp. St. 1901, p. 661]. The plaintiff and her husband have refused to an-

swer certain questions, and counsel for defendant has moved for an order to direct the witnesses to answer said questions. It is thought that the rule laid down in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, should be applied in the taking of such depositions. There is some uncertainty as to the practice in such cases, but the duty of this court is merely to see that the witness is properly protected in his constitutional rights, and that the process of the court is not abused. Wertheim v. R. R. (C. C.) 15 Fed. 716. The question as to the admissibility of the evidence is to be tested by the laws of the forum. Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104. The general rule is that the witness should be required to answer all questions which may possibly be material. Matter of Whitlock, 51 Hun, 354, 3 N. Y. Supp. 855; Matter of Strong v. Randall, 90 App. Div. 192, 85 N. Y. Supp. 1089; Id., 177 N. Y. 400, 69 N. E. 721.

An order may be entered that the witnesses Augusta L. E. Perry and John W. Perry answer the questions put to them.