BUTTE & B. CONSOL. MIN. CO. v. MONTANA ORE PURCHASING CO. et al.

(Circuit Court, S. D. New York, May 6, 1905. On Rehearing, July 26, 1905.)

DEPOSITIONS—PROCEDURE IN TAKING—RULING ON OBJECTIONS.

On the taking of the deposition of a witness in an action at law, in another district, under Rev. St. § 863 [U. S. Comp. St. 1901, p. 661], questions asked by plaintiff were objected to as being irrelevant or immaterial, or as calling for incompetent testimony, or as inquiring touching matters about which the witness was privileged not to answer, and, the witness having refused to answer, the matter was certified to the Circuit Court of the district where the testimony was being taken. *Held* that, as the power and duty of such court to pass on the objections was unsettled, it would require the witness to answer all questions in conformity to the equity practice, to enable the question to be taken before the appellate court in contempt proceedings should the witness still refuse to answer.

Jno. A. Garver, for the motion.
Edw. M. Shepard, opposed.

LACOMBE, Circuit Judge. The action is for trespass in removing ore from a mining property of complainant, and witnesses are being examined before a commissioner under section 863, Rev. St. [U. S. Comp. St. 1901, p. 661]. Inasmuch as this is not a suit in equity, the peculiar rules governing the taking of testimony in such suits laid down in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, and in many decisions in this circuit following that case, have no application.

What happens is this: A witness is asked a question. It is objected to as being irrelevant or immaterial, or as calling for incompetent testimony, or as inquiring touching a matter about which the witness is privileged not to answer. The commissioner makes no ruling—he has no power to make a ruling upon which an exception can be based—and the witness does not answer. When enough unanswered questions have thus been accumulated, the matter is brought before the court for a ruling, upon an application to compel the witness to answer; the commissioner certifying the record. It is right and proper that there should be a ruling by the court on each question, so that an exception may preserve all rights of the party asking the question. But what court shall pass upon the objections? Shall it be the court in which the action is pending, and

which is responsible to secure to litigants a fair trial of the issues before it? Or shall it be the court under whose process the presence of the witness, living more than a hundred miles from the trial court, is procured? Neither side discusses that question. If there were abundant time to examine the whole subject exhaustively, reviewing all the decisions, this court would willingly undertake the investigation, in the hope that the result would be a decision that it is not the duty of a court in which the issues are not triable to ·determine questions which often can be determined rightly only by the court to which the disposition of the whole case is consigned. But we have here only pressure for an early decision, and a great burden of causes pending here, and now on trial, which precludes any such examination of the whole subject. Undoubtedly it is frequently the practice for the court which issues the subpœna to instruct the witness to answer, or to refuse so to instruct. Generally it is only the disposition of a few questions in a long examination which is thus submitted, and it is easier, and tends to prevent the law's delays, which so often become an intolerable burden to litigants, to decide them in the court whose process brings the witness up to testify. It seems to the writer of this opinion very clear that the only logical system would be to have all objections to questions passed back to the trial court for determination, and, if they were overruled, that the court whose process produced the witness should constrain him to answer, even though it differed from the trial court as to the soundness of the objections. Otherwise it might happen that the judge in Montana, after conducting a long jury trial, with such careful attention and sound judgment that he committed no reversible error, would yet find the verdict which determined the case set aside because a judge in New York, wholly uninformed as to the involved articulations of the controversy, with nothing but the pleadings before him, had excluded evidence which, under section 863 [U. S. Comp. St. 1901, p. 661], the defeated party was entitled to take. Be that as it may, this court knows of no case, and, in a brief consultation of the digests, can find none, where, in circumstances such as are here presented, the objections have been sent back to the trial court to be passed upon; and, since a prompt decision is asked for, the usual practice will be followed. That is to say, the court here, with the whole cause before it, so far as that cause has progressed, which in this instance is limited to the filing of the pleadings, will proceed to rule on the objections. As the cause is here presented, the plaintiff is beginning to take his proofs under the issues, and this court will rule on all objections as if the trial were here begun.

Quite frequently upon a trial a question put to a witness does not seem relevant to the issues raised by the pleadings, but the propounder of the question is allowed to state to what point the question is directed, and how it is to be connected with other proofs. Often upon such a statement the court is satisfied that it is a reasonable one, since the whole case for the propounder's side cannot be put in at once, and rules accordingly. In the record before the commissioner, this statement does not appear, but, in the rulings

now about to be made, to which exceptions will undoubtedly be reserved, it should have a place.   Therefore it is to be clearly understood that, in support of each and every question ruled on, the plaintiff made this statement before the ruling:

"Plaintiff offers this evidence to show that, if the ore was extracted under the nominal direction of the Johnstown Company, and reduced at the works of the Basin Reduction Company, those companies were the creations of the Montana Ore Purchasing Company and the other defendants; their officers being irresponsible clerks, and the proceeds of the ores going to the defendants named in the complaint."

The commissioner is instructed to see to it that the record which he returns to the Montana Circuit Court shows that each question objected to was coupled with this explanation, that each objection separately considered was ruled upon by this court, and that an exception to each ruling was duly reserved by the party to whom the decision was adverse.

Upon the argument a written statement was filed on behalf of one of the witnesses to the effect that some of the questions which he had declined to answer, he was now ready to answer.   It is assumed that he will answer them, and therefore those questions are. not here ruled on.

With apologies, therefore, to the trial judge in Montana, if the errors of this court thus reserved by exceptions may produce a mistrial, the several objections are here ruled on as if the cause were now on trial under the pleadings, and with no other evidence than that already elicited from these three witnesses, before the court.

### Examination of Arthur P. Heinze.

Q. 37. Objection sustained.   The opinion of the witness is immaterial.

Q. 44. Objection sustained.

Q. 51. Objection sustained.

Q. 55. Objection overruled.

Q. 67. Objection overruled.

(Here follow 50 questions, objection to which were sustained or overruled.)

### On Rehearing.

Upon a similar application to compel witnesses in this cause to answer the writer expressed his opinion as to the practice, and ruled upon the materiality, relevance, and competency of the questions, instead of requiring the witnesses to answer them all.   Since then he has learned that his associates are inclined to take a totally different view of the practice under the section, and to hold that it should be conformed to that prescribed by the Supreme Court for equity causes in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521.   It is thought that to adopt for actions at law the practice prevailing since Blease v. Garlington in equity causes would be lamentable.   The taking of testimony in equity causes has become subject to such abuses as to call forth on several occasions the vigorous reprobation of the court to which such testimony was submitted, although

that court and all others were powerless to prevent the abuse of its process. Under such a practice any outsider who may wish to learn the names, addresses, and respective holdings of the stockholders of any corporation, with some view, inimical, it might be,. to their interests, could, through the easy contrivance of some action against a stockholder in a distant state, compel the officers of the corporation, although not a party to the litigation, to disclose such information, and, indeed, to reveal business transactions in which the parties to the action had no real or substantial interest. Although the opinion of the writer is unchanged, it seems proper that a different decision should be here rendered from that on the first motion. From a decision adverse to the plaintiff there is no appeal, and thus, through the accident of encountering one particular judge upon the bench, the plaintiff might lose the benefit of relief which he might convince the majority of the judges he was entitled to. On the contrary, from an order requiring answers to the questions and committing the witness for refusal to answer there is full opportunty for review by writ of error. In the opinion of the writer there are very many of these questions which should be answered, but no effort is here made to discriminate. Under Blease v. Garlington, all should be answered.

The witness is directed to answer. Upon his further refusal an order will be made punishing him for his contempt in such terms as to insure opportunity to sue out writ of error. Arrangements may be made for suspending the infliction of the punishment until after appeal shall have been prosecuted and disposed of.