DOWAGIAC MFG. CO. v. LOCHREN et al., Judges.

(Circuit Court of Appeals, Eighth Circuit. January 31, 1906.)

No. 60.

1. EVIDENCE—PRODUCTION—COURT OF ANOTHER DISTRICT SHOULD COMPEL, WHETHER MATERIAL OR IMMATERIAL.

It is not the duty of an auxiliary court or judge, within whose jurisdiction testimony is being taken in a suit pending in the court of another district, to consider or determine the competency, materiality, or relevancy of the evidence which one of the parties seeks to elicit.

It is the duty of such a court or judge to compel the production of the evidence, although the judge deems it incompetent, irrelevant, or immaterial, unless the witness or the evidence is privileged, or it clearly and affirmatively appears that the evidence sought cannot possibly be competent, material, or relevant, and that it would be an abuse of the process of the court to compel its production.

2. SAME—THIS RULE PREVAILS ALIKE IN SUITS IN EQUITY AND IN ACTIONS AT LAW.

The rule of practice above stated prevails in the taking of testimony before a commissioner or examiner, under rules 67 and 68 in equity, in the taking of testimony before a master empowered to determine the admissibility of evidence under rules 74, 77, 78, 79, and 82 in equity, and in the taking of evidence in actions at law under sections 863, 868, and 869, Rev. St. [1 U. S. Comp. St. 1901, pp. 661, 664, 665].

(Syllabus by the Court.)

Petition for Writ of Mandamus.

Fred L. Chappell, for petitioner.

Louis K. Hull, for respondents.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. A petition for a writ of mandamus to direct the acting judges of the Circuit Court for the District of Minnesota to issue a subpoena duces tecum and to direct certain witnesses to testify in an accounting before a master appointed by the United States Circuit Court for the District of Kentucky in the case of the Dowagiac Manufacturing Company v. Brennan & Co. and others, which was pending in the Kentucky court, has been presented to this court. A decree that Brennan & Co. have infringed the patent of the complainant, and that the latter is entitled to an accounting and to a recovery of damages, had been rendered, a special master had been appointed empowered to determine the admissibility of evidence and to take the accounting, and he was engaged in the District of Minnesota in taking the testimony of C. C. Webber, the secretary of Deere & Webber, a corporation which had purchased the infringing drill of Brennan & Company and had sold it through its agents throughout Minnesota and the adjoining states. Deere & Webber was not a party to the suit. Webber testified that Deere & Webber had sold the infringing machine, through agents, in many of the towns in this territory; that the records of his corporation would disclose accurately the places in which it had sold the grain drills and the agents who made the sales. He was then asked to give the names of the towns in which, and the names of the agents through whom, Deere & Webber had sold the infringing drill so far as he knew them, and to refer to the records of the corporation and to furnish therefrom a list of those he did not remember. Counsel for the witness objected, upon the ground that the evidence sought was incompetent, irrelevant, and immaterial, and that the information was privileged, because the disclosure of the names of the agents, the number of the infringing drills which Deere & Webber had sold, and the prices which it had obtained for them would constitute a breach of the confidence reposed in the witness by the corporation, would expose its transactions to competitors, and would work irreparable injury to its business. The master overruled this objection. The witness declined to answer under the advice of his counsel. The question whether he should disclose the information was certified to the United States Circuit Court for the District of Minnesota, and that court decided that the evidence sought was not privileged, but that the witness should not be required to answer because the testimony desired was immaterial.

Thereupon the Dowagiac Manufacturing Company produced evidence to the effect that at many towns in Minnesota, North Dakota, and South Dakota the infringing drill had been sold by Deere & Webber in competition with its patented drill, and closed its case upon the accounting. During the subsequent taking of testimony for the defense, several agents of Deere & Webber, at the request of that corporation or of Mr. Webber, testified to the quantities of the infringing grain drills which they had sold at various places within the territory in question and the prices which they had obtained for them. In rebuttal the complainant applied to the Circuit Court for the District of Minnesota for a subpoena duces tecum addressed to

Mr. Webber to require him to produce the books and records of Deere & Webber pertaining to the sales of the infringing machine, and, at the hearing upon the application, Mr. George P. Schulz, who was one of the bookkeepers of Deere & Webber, appeared in answer to a subpœna, and testified that he was able to give the information which the complainant desired upon this subject, and would do so if he was directed so to do by proper authority; but under the advice of counsel he refused to disclose the evidence. At the close of the argument the Circuit Court refused to direct the witness to disclose the information sought by complainant's counsel and refused to issue the subpœna duces tecum.

The only reason why the acting judges of the Circuit Court declined to compel the production of the testimony which counsel for complainant sought was that, in their opinion, that evidence was not material to the questions at issue in the court in Kentucky in which the suit was commenced and was pending. Is this the real question at issue, when, in a case pending in another jurisdiction, an application is made to an auxiliary court, or to one of its judges, to elicit evidence within the jurisdiction of the latter? Ample provision to compel the production of evidence is granted to the judges of the United States courts by sections 863, 868, 869, and 870, Rev. St. (1 U. S. Comp. St. 1901, pp. 661, 664, 665), and by rules 67, 74, 75, 76, 77, and 78 in equity.

The examination in this case was proceeding before a special master, to whom the case had been referred, to take the evidence and to report the facts. He was the officer of the Circuit Court of the Kentucky district. He was empowered to hear and decide for that court, and subject to its review, upon proper exceptions, all questions relating to the admission of testimony, and his decision of these questions was, until reversed by that court, its decision. Rule 77 in equity; Bate Refrigerating Co. v. Gillette (C. C.) 28 Fed. 673, 674. He had determined that the evidence which complainant sought to secure was material and relevant, so that the case presented to the court below was much stronger than the ordinary application to an auxiliary court to compel the production of evidence before an examiner appointed to take testimony, under rule 67 in equity, without authority to rule upon its admissibility. We turn therefore to a consideration of the rule in the latter class of cases with the assurance that, if it is the duty of the auxiliary court or judge in such cases to decline to consider or determine the competency or materiality of evidence sought, and to compel the production and transmission of all that may possibly be material, and leave the question of its admissibility to the primary court, such must have been the duty of the judges below in the case under consideration.

In Blease v. Garlington, 92 U. S. 1, 7, 8, 23 L. Ed. 521, the Supreme Court ruled that in suits in equity all the evidence sought by either party, whether it was received or rejected by the trial court, should be elicited, and in case of an appeal, presented to the Supreme Court, to the end that, if that court were of the opinion that the evidence rejected below should have been received, it might consider it and

render a final decree without remanding the suit to procure the rejected evidence. It said that, "since the amendment of rule 67, in 1861, there could never have been any difficulty in bringing a case here upon appeal, so as to save all exceptions as to the form or substance of the testimony, and still leave us in a condition to proceed to a final determination of the cause, whatever might be our rulings upon the exceptions. * * * So, too, if testimony is objected to and ruled out, it must still be sent here with the record, subject to the objection, or the ruling will not be considered by us." The preparation of a suit in equity for review in the Circuit Court of Appeals is governed by the same practice. It is the province and the duty of the Circuit Court to elicit and transmit to the appellate court, not only the evidence it deems competent, relevant, and material, but also that which it deems incompetent, irrelevant, and immaterial, to the end that, if the reviewing court is of the opinion that the evidence deemed inadmissible by the Circuit Court should have been received, it may at once consider it and render a final decree without the delay of remanding the case to procure the rejected evidence. To this general rule there are two exceptions. They are that it is the duty of the court or chancellor eliciting the evidence to consider and determine the claim of privilege of a witness or other party and to refuse to compel him to produce evidence in violation of it, and that, if it clearly and affirmatively appears that the evidence sought cannot possibly be competent, material, or relevant, and that it would be an abuse of the process of the court to compel its production, it may refuse to do so.

It is a necessary corollary of this rule of practice, established by the decision in Blease v. Garlington, that it is the duty of an auxiliary court to elicit and cause to be transmitted to the primary court not only such evidence as it deems competent and material, but also that which it deems incompetent or immaterial, unless the witness or the evidence is privileged or it clearly and affirmatively appears that the evidence cannot possibly be material or relevant. In no other way can the general rule of practice be made effectual, for, if the auxiliary court refuses to compel the production of the testimony because it deems it immaterial or incompetent, and the appellate court should be of a different opinion, the latter court cannot consider the rejected evidence and render a final decree without remanding for further proof, because the rejected evidence has not been elicited and cannot be presented to it. Moreover, this practice is more logical, rational, and convenient than that which requires the auxiliary judge or court to determine the admissibility of the evidence which either party seeks to secure, because the court in which the suit is pending and in which all the pleadings and evidence must be gathered together is far more competent to decide questions of this nature than a distant judge or court that has but a fragment of the case, and, more than all, because the law imposes upon the primary court the absolute duty to consider and decide all these questions of the admissibility of evidence and to determine the final result in the suit, a duty that the court of original jurisdiction is no more able than the Supreme

Court to fairly and wisely discharge unless all the evidence deemed competent or material by any of the parties to the suit has been produced and presented for its consideration. These considerations have led us to this conclusion: It is not the duty of an auxiliary court or judge, within whose jurisdiction testimony is being taken in a suit pending in the court of another district, to consider or determine the competency, materiality, or relevancy of the evidence which one of the parties seeks to elicit. It is the duty of such a court or judge to compel the production of the evidence, although the judge deems it incompetent or immaterial, unless the witness or the evidence is privileged, or it clearly and affirmatively appears that the evidence cannot possibly be competent, material, or relevant, and that it would be an abuse of the process of the court to compel its production. Fayerweather v. Ritch (C. C.) 89 Fed. 529; Parisian Comb Co. v. Eschwege (C. C.) 92 Fed. 721; Perry v. Rubber Tire Wheel Co. (C. C.) 138 Fed. 836; Butte & B. Consol. Min. Co. v. Montana Ore P. Co. (C. C.) 139 Fed. 843; Appleton v. Ecaubert (C. C.) 45 Fed. 281, 282; Adee v. J. L. Mott Iron Works (C. C.) 46 Fed. 39; Lloyd v. Pennie (C. C.) 50 Fed. 4, 11; Thomson-Houston Electric Co. v. Jeffrey Mfg. Co. (C. C.) 83 Fed. 614, 618; Maxim Nordenfelt Guns & Ammunition Co. v. Colt's Patent Firearms Mfg. Co. (C. C.) 103 Fed. 39; Matter of Whitlock, 51 Hun, 354, 3 N. Y. Supp. 855; Matter of Randall, 90 App. Div. 192, 85 N. Y. Supp. 1089; Strong v. Randall, 177 N. Y. 400, 69 N. E. 721.

There are three cases (Ex parte Peck, 3 Blatchf. 113, 19 Fed. Cas. 72, No. 10,885, In re Judson, 3 Blatchf. 148, 14 Fed. Cas. 4, No. 7,563, and In re Allis [C. C.] 44 Fed. 215) in which the rule of practice established in Blease v. Garlington was not called to the attention of the judges, wherein it is held that the question of the materiality and competency of the evidence sought may be considered by the auxiliary court in determining whether or not the production of it should be compelled. But the consensus of opinion among the courts and judges that have considered the rule of practice in Blease v. Garlington is in accord with the conclusion which has been announced.

In Lloyd v. Pennie (C. C.) 50 Fed. 4, 11, 12, Judge Morrow ruled that a witness should be required to produce before an examiner, who was taking testimony in a suit in equity pending in the same district, letters which were claimed to be privileged. After quoting from Blease v. Garlington, he said:

"As the present case may be reviewed on appeal, it is the duty of the court, in accordance with the practice in equity, as stated by the Supreme Court, to direct that the defendant produce the letters as demanded."

In Fayerweather v. Ritch (C. C.) 89 Fed. 529, a motion was made, while the taking of testimony was proceeding, to strike out certain testimony as irrelevant and to discontinue the examination of witnesses upon the subject of this testimony. Judge Lacombe said that in his opinion the testimony was irrelevant, but that complainant's counsel thought otherwise and might, on appeal, be able to persuade the appellate court to take his view, so that under the rule in Blease v. Garlington the motion must be denied and the testimony must be taken.

Parisian Comb Co. v. Eschwege (C. C.) 92 Fed. 721, is another case in which Judge Lacombe compelled a witness to testify to facts which in his opinion were neither essential to the case of the complainant nor relevant or material to the issues. "Nevertheless," he said, "this court is not the final arbiter as to whether the testimony is or is not material and, in view of the object intended by the amendment to the sixty-seventh rule, it should obtain and preserve the answers for the benefit of the appellate tribunal." To the same effect is the opinion of Judge Townsend in Maxim Nordenfelt Guns & Ammunition Co. v. Colt's Patent Firearms Mfg. Co. (C. C.) 103 Fed. 36, 38.

And in Perry v. Rubber Tire Wheel Co. (C. C.) 138 Fed. 836, and Butte & B. Consol. Min. Co. v. Montana Ore P. Co. (C. C.) 139 Fed. 843, the fact appears that the circuit judges of the Second Circuit are of the opinion that this rule in equity must also prevail in the taking of testimony in actions at law under section 863 (U. S. Comp. St. 1901, p. 661), where an application is made to an auxiliary court to compel the production of evidence. Judge Townsend said in the former case:

"It is thought that the rule laid down in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, should be applied in the taking of such depositions. There is some uncertainty as to the practice in such cases, but the duty of this court is merely to see that the witness is properly protected in his constitutional rights, and that the process of the court is not abused. Wertheim v. Railroad (C. C.) 15 Fed. 716. The question as to the admissibility of the evidence is to be tested by the laws of the forum. Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104. The general rule is that the witness should be required to answer all questions which may possibly be material. Matter of Whitlock, 51 Hun, 354, 3 N. Y. Supp. 855; Matter of Randall, 90 App. Div. 192, 85 N. Y. Supp. 1089; Strong v. Randall, 177 N. Y. 400, 69 N. E. 721."

In the Matter of Randall, 90 App. Div. 192, 197, 85 N .Y. Supp. 1089, a commission had been issued out of a court in the state of Ohio in which the action was pending to take the testimony of the secretary and treasurer of a corporation in the state of New York. The officer appeared in response to a subpœna duces tecum, but refused to answer many questions upon the ground that the evidence sought was incompetent and immaterial. The court said:

"We are not, however, called upon to pass upon the competency of the evidence sought to be elicited from the witness, or its admissibility upon the trial of the action. That will become a matter for determination by the Ohio court when the commission shall be returned to it. For present purposes it is sufficient if it appear that such testimony may become competent, and, so far as the examination is not entirely irrelevant to the subject-matter of the action, the court will not, nor is it called upon to, pass upon the strict legality and competency of the evidence sought to be elicited."

—And it directed the witness to answer. This decision was sustained by the Court of Appeals of New York in 177 N. Y. 400, 69 N. E. 721, and it portrays the general and the rational rule of practice upon this subject.

The considerations and decisions to which we have now adverted leave no doubt that, if the complainant had sought to secure the evidence in controversy before an examiner or a commissioner under rule 67 in equity, it would have been the duty of the court below to have compelled its production. That duty was rather more than less

imperative in the case before us, because the officer of the primary court to whom that court had lawfully delegated the power to determine in the first instance the admissibility of this evidence had decided that it should be received, and because without the production of the testimony sought the court of original jurisdiction could not fairly and justly determine the issues in the case pending before it, if its opinion should, upon due consideration, accord with that of its master.

Neither Deere & Webber nor any of its officers or employés was privileged to withhold any information contained in its books or records or any information within their knowledge which might possibly be competent, relevant, or material to the issues presented in the accounting. Wertheim v. Railway Co. (C. C.) 15 Fed. 716; Johnson Steel-Rail Co. v. North Branch Steel Co. (C. C.) 48 Fed. 191, 193. The pleadings and evidence in the suit are not presented to this court. They were not produced in the court below. The evidence which counsel for complainant sought to elicit comprises the names of the places where Deere & Webber sold the infringing grain drills which they had bought from the defendant, Brennan & Co., the number of the drills which they sold at each of these places, and the prices at which they had disposed of them. It is plain that this evidence would have a tendency to indicate the number of drills sold by the defendants to Deere & Webber and the extent to which the sales of the infringing device had excluded the patented machine from the market or had restricted its sales. This testimony may be irrelevant or immaterial, but that question is to be determined not by this court, nor by the auxiliary court, but by the primary court in which all the pleadings and all the evidence will be assembled, and where it can be most wisely and effectually disposed of. The defendants elicited testimony of this nature from agents of Deere & Webber who came at the request of that corporation, or of Mr. Webber, one of its officers. It cannot be said that it clearly and affirmatively appears that the evidence now sought cannot possibly be material to any issue that may have arisen in the accounting, nor that it would constitute an abuse of the process of the court to require the witnesses to disclose it, since it may tend to prove the number of the infringing devices which Deere & Webber purchased from the defendant, Brennan & Co., or the extent to which the sales of these devices excluded the patented machines from the market or restricted their sales, or to rebut testimony of the same character as that here sought upon the very subject to which the evidence desired relates. This state of facts is ample to invoke the favorable action of the judges of the court below, and we are unanimously of the opinion that they should require the production of the evidence.

The general question which has been discussed and determined in this case has not heretofore been the subject of exhaustive investigation or of authoritative decision in this circuit, and the fact undoubtedly is that the rule of practice and the considerations and authorities in support of it, to which reference has now been made, were not carefully and exhaustively presented to the acting judges of the court below when they were requested to direct the production of the proposed

evidence. If they had been, we are assured that those judges would have reached the conclusion which has now been announced, and we are confident that, upon the presentation to them of this opinion and of the reasons and decisions to which reference has been made, they will immediately direct the production of the evidence in question.

In view of this situation, the issue of the writ of mandamus has not been considered, and the petition for it will be denied, without costs to either party.