AGUSTIN BLACINI, Trustee of the Estate of Felix Navarro & Company, Bankrupts, Complainant,

*v.*

GENARO LÓPEZ GONZALEZ, Dft.

---

San Juan, Equity, No. 301.

RULE ON REGISTRAR TO SHOW CAUSE.

Registrar of Property—Disregard of Court Orders.
    1. Where a registrar of property refuses to record an attachment in accordance with an order of court on the ground that the property sought to be attached is not sufficiently described, his refusal involves the construction of the registration law of Porto Rico, and does not show a wilful disregard of the court's order.

Blacini v. Gonzalez.

Attachment of Property—Bankruptcy.

  2. A bankruptcy court has full power to make all orders necessary to enforce the provisions of the Bankruptcy Act; and where the bankrupt estate is without funds to pay the recording fees of an order of attachment the court will order an entry of an injunction to be made in the book of incapacitated persons provided by the Mortgage Law.

Contempt of Court—Strict Construction.

  3. An action for contempt of court is strictly construed, and especially is this true of judicial officers in the exercise of their duties.

Opinion filed December 19, 1916.

_Mr Harry F. Besosa_ for plaintiff.

Attorney General for Miguel Planellas, Registrar.

HAMILTON, Judge, delivered the following opinion:

In the case at bar this court on July 11, 1916, enjoined defendant López Gonzalez, his agents and attorneys, from selling any real property registered in his name in Ponce, "and the registrar of property of the city of Ponce be so notified in order that he might enter the necessary and proper annotations in the records of his office in conformity with this order, until further order of this court in the premises." This order was temporarily modified to cover defendant's property up to $20,000, but on August 25 was restored in its original wording. The registrar at Ponce, Miguel Planellas, on July 18 made a memorandum of the injunction in the day book, and another on September 15, and on September 5 there is a note in the margin that certified

copy of the order of July 11 was presented, and on September 20 a further note that the document referred to in the attached entry is returned "without making any record in the books of the registry, because the real property belonging to the defendant, the value of which does not reach $20,000 to be affected by the order of injunction, is not specifically described in the said document."

1. The matter as presented does not show any wilful disregard of the orders of this court, and involves only the proper construction of the registration law of Porto Rico as applied to bankruptcy cases. The duties of the registrar are governed by the mortgage law and regulations for its execution. The provisions affecting the case are as follows:

"Art. 261. All instruments which are presented in the registry for the request of any record or entry whatsoever shall be entered in the day book.

"Art. 262. In no case whatsoever shall the provisions prescribed in the preceding article be violated, even when it is seen that the instrument presented lacks some legal requisite."

"Sec. 7. Whenever any registrar shall refuse to record or enter any document or give it due legal effect, he shall make an entry of the presentment and refusal in the proper volume and page number belonging to the property in question. Such entry, however, shall have effect only during four months from the date thereof."

"Sec. 17. All fees earned by the offices of the registries of property of Porto Rico shall be paid in internal revenue stamps, which the registrars shall attach, under their own responsibility, at the side of, or beneath, the note which they make at the foot of each title or document, according to the nature of the same;

and they shall cancel said stamps, and state in another note, written and signed by them, the number of stamps, their value, and the number of the tariff of fees under which such fees were collected."

"Sec. 22. The tariff of fees to be paid hereafter for the services of the registrars of property by the affixing and canceling of internal revenue stamps, as hereinbefore provided, shall be as follows:"

"Sec. 24. The amount of the fees which the schedule of fees prescribes for the different services shall be paid in internal revenue stamps, as hereinbefore prescribed, on presentation of any document to be recorded or entered in the registry or when any certificate is solicited, and the registrar shall fix and cancel all stamps paid for services rendered, and he shall return to the interested party any stamps which it may not be necessary to use."

Act of March 1, 1902 (Rev. Stat. §§ 2186 et seq.).

The petitioner did not attempt to exercise any right of appeal. Lugo v. Registrar, 22 P. R. R. 327.

The registrar contends that there is nothing more he could do, inasmuch as the law requires payment of so much fees per each piece of real property involved, which it is conceded the petitioner did not tender. Act of March 10, 1904. His contention is that he did all the law permitted when he made an annotation upon the day book to be effective for thirty days, and when, upon the nontender of the fees, he returned the papers in question.

"Art. 18. Registrars shall, under their responsibility, determine the legality of the instruments under which record is re-

Blacini v. Gonzalez.

quested, and the capacity of the parties thereto, upon the facts that appear from said instruments themselves.

"They shall likewise, under their responsibility, pass on all documents issued by judicial authorities for the sole purpose of admitting, suspending, or refusing their admission to record or entry.

"The only remedies against a decision suspending or refusing to admit to record or to enter a cautionary notice shall be such as are provided for in this law, and judges and courts cannot otherwise compel registrars to make records or entries by virtue of judicial documents."

Mortgage Law of Porto Rico.

This has been fully recognized by this court in United States Mortg. & T. Co. v. Central San Cristobal, 7 Porto Rico Fed. Rep. 693, 709; Berwind-White Coal Min. Co. v. Borinquen Sugar Co. 7 Porto Rico Fed. Rep. 551, s. c. 6 Porto Rico Fed. Rep. 252, 261; Fernandez v. Perez, 6 Porto Rico Fed. Rep. 665, 675.

2. But this does not exhaust the duties of the registrar. There is, besides registration of orders against specific real property by description, a provision for registration of what is called incapacitated persons. The provisions upon this subject are as follows:

"The following may request the entry of cautionary notices of their respective rights in the proper public registry: . . .

4. He who brings a declaratory action for the enforcement of any obligation and obtains, in accordance with law, an order directing the attachment or forbidding the alienation of real property."

P. R. Mortgage Law, art. 42, P. R. Rev. Stat. § 6726.

Blacini v. Gonzalez.

"Registrars shall also keep a book of 'Incapacitated persons' wherein they shall enter all records relating to the final decrees of legal incapacity to manage property, or the presumptions of the death of absentees, sentences of interdiction, adjudications in insolvency or bankruptcy, or any other decisions modifying the civil capacity of persons as to the free disposition of their property."

P. R. Rev. Stat. § 7322, Regulations of Mortgage Law, art. 225.

"Upon presentation of the judicial order containing the final judgment referred to in article 225, the registrars, after making the proper records in the books of the registry of property, shall enter in said book the names of the persons incompetent to dispose of their property, with a brief summary of said document and a reference to the package in which it is to be filed. These records shall be made under the letter corresponding to the surname of the person interested and shall have their special correlative numeration under each letter."

Regulations of Mortgage Law, art. 227, P. R. Rev. Stat. § 7324.

"After the records and entries referred to in the preceding article shall have been made, the registrar shall enter a note at the end of the order to the effect that the entry has been made, if the person against whom it may have issued has property; or that it could not be recorded or entered for the reason that he did not own any property, but that the proper entry had been made with respect to property which he might acquire hereafter in the book of incapacitated persons, citing the letter and number of the record."

Regulations of Mortgage Law, art. 228, P. R. Rev. Stat. § 7325.

The argument is made that annotation against property should either be ordered by this court without payment of fees, the bankrupt's estate often not being in funds, or that annotation should be made against the alleged bankrupt in this book of incapacitated persons. There is no doubt that the bankruptcy court has full power to make all orders necessary to carry out the bankruptcy act.

Jurisdiction is conferred upon bankruptcy courts, to . . . "make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act." Bankruptcy Act, § 2, subd. 15 [30 Stat. at L. 545, chap. 541, Comp. Stat. 1916, § 9586].

There seems to be no reason why the registrar cannot make an entry of an injunction in the book of incapacitated persons, and no reason why this court cannot direct him to do it. The court does not feel at liberty to disregard the local law on the subject of fees, but this will be a small matter in the case at bar. An order, therefore, will be entered making the rule final unless the registrar conforms by making the entry in the book of incapacitated persons within ten days.

3. An action for contempt is strictly construed. Sabin v. Fogarty, 70 Fed. 483; Re Judson, 3 Blatchf. 148, Fed. Cas. No. 7,563. Contempt will be punished only to secure justice. Ex parte McLeod, 120 Fed. 130. Particularly should this be true of judicial officers in the exercise of their duties. Subsequent compliance or willingness to comply modifies the supposed contempt. Ex parte Carasquilla, 6 Porto Rico Fed. Rep. 288. This does not change the fact that the party is wrong, when he is

wrong, and for that reason costs must follow the result of this application as in other cases.

It follows that the rule will be made absolute unless the respondent enters within ten days and upon payment of the legal fee the injunction order in question in the book of incapacitated persons, as against the defendant herein.

It is so ordered.