## ROBUS & CO., Inc., v. AMERICAN FOUNDERS CORPORATION.

District Court, W. D. New York.

Oct. 2, 1934.

Katz & Sommerich, of New York City (Dwyer, Reilly, Roberts, McLouth & Dicker, of Rochester, N. Y., of counsel), for plaintiff.

Seibert & Riggs, of New York City, for defendant.

KNIGHT, District Judge.

This is a motion for extension of subpœnæ and subpœnæ duces tecum on taking of depositions de bene esse.

Plaintiff herein is suing defendant in the United States District Court for the Southern District of New York for commissions alleged to be due plaintiff on sales of securities under a certain contract with defendant. Plaintiff contends that in the preparation for trial it requires the testimony of certain witnesses living more than 100 miles from the place where the trial is to be held. Accordingly, request was made and granted to take depositions de bene esse and issue subpœnæ and subpœnæ duces tecum for examination of witnesses as to sale made to them by defendant. Plaintiff now makes a further request to extend the subpœnæ and subpœnæ duces tecum to include examination of certain witnesses as to purchases of securities made by them from syndicates purchasing from defendant.

Counsel for defendant objects to this extension on the ground that the securities, as to which the witnesses will be examined, are senior securities, and that the contract above referred to includes sales of junior securities only.

Plaintiff asserts that the information to be obtained from said witnesses is necessary to prove its cause of action, and that this is the only method by which it may be obtained.

Whether the 5 per cent. gold debentures of the International Securities Corporation, or the Second International Securities Corporation, or of the United States & British International Company, Limited, are "senior" or "junior" securities may not be free from doubt in view of the variety of issues of the various syndicates formed to dispose of certain of the securities or debentures of the parent corporation. Inasmuch as the evidence elicited from the witnesses will be presented to the trial court, which will pass upon its admissibility and relevancy, this court is not now called upon to decide finally whether these securities are junior or senior, whether they come under the contract in question, or whether evidence as to them is competent, relevant, or material.

The rule of determination seems to be clearly stated in Dowagiac Mfg. Co. v. Lochren, 143 F. 211, 215, 6 Ann. Cas. 573 (C. C. A. 8). There the court said: "It is not the duty of an auxiliary court or judge, within whose jurisdiction testimony is being taken in a suit pending in the court of another district, to consider or determine the competency, materiality, or relevancy of the evidence which one of the parties seeks to elicit. It is the duty of such a court or judge to compel the production of the evidence, although the judge deems it incompetent or immaterial, unless the witness or the evidence is privileged, or it clearly and affirmatively appears that the evidence cannot possibly be competent, material, or relevant, and that it would be an abuse of the process of the court to compel its production."

In the above-mentioned case the court cited Perry v. Rubber Tire Wheel Co., 138 F. 836, 837 (C. C. S. D. N. Y.), where Judge Townsend said: "It is thought that the rule laid down in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, should be applied in the taking of such depositions. There is some uncertainty as to the practice in such cases, but the duty of this court is merely to see that the witness is properly protected in his constitutional rights, and that the process of the court is not abused. Wertheim v. R. & T. Co. (C. C.) 15 F. 716. The question as to the

admissibility of the evidence is to be tested by the laws of the forum. Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104. The general rule is that the witness should be required to answer all questions which may possibly be material. * * * Matter of Randall, 90 App. Div. 192, 85 N. Y. S. 1089." See, also, General Finance Corp. v. N. Y. State Railways (D. C.) 1 F. Supp. 381, and Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104.

In Matter of Randall, 90 App. Div. 192, 85 N. Y. S. 1089, 1092, a commission had been issued out of a court in the state of Ohio, in which the action was pending, to take the testimony of the secretary or treasurer of a corporation in the state of New York. The officer appeared in response to a subpœnæ duces tecum, but refused to answer many questions on the ground that the evidence sought was incompetent and immaterial. The court directed the witness to answer, saying: "We are not, however, called upon to pass upon the competency of the evidence sought to be elicited from the witness, or its admissibility upon the trial of the action. That will become a matter for determination by the Ohio court when the commission shall be returned to it. For present purposes, it is sufficient if it appear that such testimony may be competent; and, so far as the examination is not entirely irrelevant to the subject-matter of the action, the court will not, nor is it called upon to, pass upon the strict legality and competency of the evidence sought to be elicited."

Except as to the securities above mentioned, no question is raised as to the right to an extension of the subpœna. In view of the foregoing, the subpœna duces tecum should be extended as requested.