———

PEASLEE (ROSS v.).  See Case No. 12,077.

PEASLEE (WARREN v.).  See Case No. 17,-198.

PEASLEE (YZNAGA v.).  See Case No. 18,-196.

PEAY (SCHENCK v.).  See Cases Nos. 12,-450 and 12,451.

PECHOLIER (LATAPEE v.).  See Case No. 8,101.

———

## Case No. 10,885.

### Ex parte PECK.

[3 Blatchf. 113.] [1]

Circuit Court, S. D. New York.  Dec., 1853.

WITNESS—EXAMINATION BEFORE COMMISSIONER—ATTACHMENT FOR CONTEMPT—GROUNDS.

1. On a motion for an attachment against a witness, for refusing to answer a question put to him on his examination de bene esse, before a United States commissioner, on a subpœna duces tecum, as a witness in a suit pending in another district, under section 30 of the act of September 24, 1789 (1 Stat. 88), it must be shown that the commissioner has jurisdiction in the matter, and that the witness resides more than 100 miles from the place of trial of the action, and that the matter in regard to which the witness refuses to testify is material and relevant to the issue in the case.

[Cited in U. S. v. Tilden, Case No. 16,522; Re Allis, 44 Fed. 217.]

[Cited in Wyatt v. People (Colo. Sup.) 28 Pac. 964.]

2. Where it appears that the subpœna for the attendance of the witness before the commissioner was issued without any preliminary evidence having been given before him showing the case to be one in which a de bene esse examination could be lawfully had, the want of such proof will be a vital objection to the issuing of an attachment.

3. Although, on the trial of a case, a witness may be compelled, by subpœna, to produce, under oath, papers within his control, which are proved to be material to the questions in issue, yet congress has provided a different mode for enabling the parties to a suit to obtain papers which are in the possession of a third person, and it is doubtful whether that object can be legally effected by the de bene esse examination of a witness out of court.

[Cited in U. S. v. Tilden, Case No. 16,522.]

This was a motion for an attachment against Elisha Peck, for an alleged contempt in refusing to answer questions put to him on his examination de bene esse, before a United States commissioner in New York, on a subpœna duces tecum, as a witness in a suit pending in the circuit court of the United States for the district of Connecticut.

———

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

William Fullerton. for the motion.

BETTS, District Judge.  An objection is made to the granting of this motion, on the ground that it does not appear that the witness resides more than one hundred miles from the place of trial of the action.  Act Sept. 24, 1789, § 30 (1 Stat. 88).  The question involved has been before this court several times recently, and has received careful attention.  The severe measure of an attachment is only to be allowed when it is clearly necessary.  It must first be made clearly to appear that the commissioner has jurisdiction in the matter, and that the witness resides more than one hundred miles from the place of trial of the action.  These facts must be established by the applicant for the attachment.  It must also be shown that the witness was called to testify to facts material and relevant to the issue in the case.  The court will interfere in this summary way only to aid the plain demands of justice, and will not attach a witness for neglecting to testify, without evidence that his testimony is pertinent to the case, and such as the party is entitled by law to demand.  In this case, the object seems to be to obtain access to papers in the possession of the witness, to be used in the case.  Although, on the trial of a case in court, a witness may be compelled, by subpœna, to produce, under oath, papers within his control, which are proved to be material to the questions in issue, yet congress has provided a different mode for enabling the parties to a suit to obtain papers which are in the possession of a third person, and it is doubtful whether that object can be legally effected by the de bene esse examination of a witness out of court.

It appears that the subpœna in this case was issued without any preliminary evidence having been given before the commissioner, showing this to be a case in which a de bene esse examination could be lawfully had.  The want of such proof is a vital objection to the issuing of an attachment.  The attendance of the witness cannot be exacted by the high compulsory writ of attachment, unless the magistrate has clear cognizance of the matter.

Motion denied.