## *In re* ALLIS.

*(Circuit Court, E. D. Wisconsin. December 13, 1890.)*

DEPOSITIONS—ORAL INTERROGATORIES—PRACTICE.

Equity rule 67 provides that testimony may be taken under commission upon oral interrogatories, if the party desires it, and that "the examiner shall note all objections to questions, but shall not have the power of decision thereon; but the court shall have the power to deal with the costs of all incompetent, immaterial, or irrelevant depositions," etc.; and that, "in case of refusal of witnesses to attend, to be sworn, or to answer any question, * * * the same practice shall be adopted as

is now practiced with respect to witnesses to be produced on examination before an examiner of said court, on written interrogatories." Rev. St. U. S. §§ 863, 868, give the judge of the court of the district in which a witness resides power to compel his attendance and testimony *de bene esse*, or on a commission with written interrogatories. *Held* that, where the testimony of a witness is taken by consent on oral interrogatories before an examiner of the court of the district of his residence, for use in an action pending in another court, the former court has power to decide as to the materiality of questions asked, and may compel the witness to answer.

In Equity.

*Mr. Parkinson*, for the motion.

*Mr. Mason*, contra.

JENKINS, J. The Consolidated Roller Mill Company filed its bill in equity in the circuit court of the United States for the district of Minnesota against the Wilford & Northway Manufacturing Company, to restrain the alleged infringement by the defendant of letters patent of the United States No. 222,895, issued to William D. Gray for a new and useful improvement in roller grinding mills. After issue joined, the testimony of William W. Allis, a resident of this district, and the secretary of the complainant, was taken by consent at his place of residence, upon oral interrogatories, and before an examiner of this court. Upon the cross-examination of the witness, and under advice and request of counsel for the complainant company, he declined to produce certain documents and to answer a certain question; whereupon the defendant moves for an order compelling the production of the required instruments, and requiring the witness to answer the interrogatory. It is objected, in opposition to the motion, that the propriety of the production of the document demanded, and the relevancy of the interrogatory propounded, can only be determined by the court in which the action is depending, and, until so determined, no jurisdiction is lodged with this court to act in the premises. With respect to actions at law, the practice is determined by the statutes. The testimony of a witness by deposition *de bene esse* may be compelled by the court of the district in which the witness resides, and where the deposition is to be taken. Rev. St. § 863. In such case the court or judge invoked to compel answer determines the materiality of the interrogatory, so far, at least, as involved in the exercise of the power of compulsion. *Ex parte Peck*, 3 Blatchf. 113; *Ex parte Judson*, Id. 148. Under a commission with written interrogatories the attendance and testimony of the witness may be compelled by the judge of the court of the district in which the witness resides. Rev. St. § 868. In such case, the interrogatories having been settled and their materiality determined prior to the issuance, and by the court issuing the commission, possibly no occasion arises for a ruling by the judge of the court of the district in which the commission is executed as to their materiality; but I apprehend that, upon application to compel answer, he would have the power to determine as well the sufficiency of the answer, as the privilege of the witness to decline to answer. That is an incident to the power to compel answer, necessary to be exercised to determine the alleged contumacy of the witness.

Under rule 67 in equity, prior to its amendment in 1862, testimony could be taken under commission upon written interrogatories, and, by agreement of parties, upon oral interrogatories. Under the rule as amended, (1 Black, 6,) oral examination, if the party desires it, is the rule; examination by written interrogatories is the exception. The rule provides that—

"The examiner shall note all objections to questions, but shall not have the power of decision thereon; but the court shall have the power to deal with the costs of all incompetent, immaterial, or irrelevant depositions, or parts of them, as may be just; and that in case of refusal of witnesses to attend, to be sworn, or to answer any question put by the examiner, or by counsel or solicitor, the same practice shall be adopted as is now practiced with respect to witnesses to be produced on examination before an examiner of said court on written interrogatories."

It is insisted that the rule contemplates that all questions must be referred, as to their relevancy, to the court having jurisdiction of the cause. Undoubtedly that court has the ultimate control of and decision upon the materiality of the examination. But it is quite another matter with respect to the compulsion of a witness to answer. In such case the court or judge exercising the power must be satisfied of the contumacy of the witness. The witness responds to the authority dominant at his residence. He is beyond the coercive power of the court entertaining the cause. His disobedience is to the mandate of the court issuing the writ of subpœna, not to the court issuing the commission. The question of disobedience involves both the materiality of the interrogatory and the privilege of the witness, and both must be considered by the court exercising jurisdiction of the witness; and this, as well for the protection of the witness, as for the proper conduct of the examination. The language used by Judge BETTS in the *Case of Judson, supra,* in answer to a like contention, upon the taking of a deposition *de bene esse,* is equally applicable here:

"The counsel for the motion urges that it belongs to the court in Massachusetts, on the return of the deposition, to determine whether the evidence is pertinent to the case, and that the court will exclude the evidence if it is found not to be pertinent. This argument is correct, in so far as it relates to the conduct of the commissioner. That officer must write down and return to the court any species of evidence offered before him, and the court will receive or reject it, according to the rights of the parties. But most serious mischief may be in that way effected, if a witness is compellable, in all cases, to answer, in the first instance, all questions put to him. He may be thus compelled to make public important secrets in relation to the rights or character of himself or others, which the party extorting them has no title to or interest in, and which are drawn out through a course of interrogation that would have been peremptorily arrested had the examination taken place in open court."

The rule makes no provision for reference of questions to the court in which the cause is pending. Upon its face it may be said to assume that all questions will be answered, reserving the question of costs of immaterial testimony to be dealt with by that court as justice may require. But, as respects the witness, no power is reserved. The construction

contended for, if correct, would establish the practice that every objection to questions, every refusal to answer, and every question respecting the character of the answer, must first be referred to and passed upon by the court issuing the commission before the court issuing the subpoena could deal with the witness. This would compel frequent stoppages in the course of an examination, and compel counsel and the witness, in case of personal privilege claimed, to make frequent journeys "across the continent" to obtain the ruling of a distant court upon each question as it should arise. I cannot assent to an interpretation of the rule that would place such grievous burden upon witness and parties. The practice which the rule provides for is the practice as to the contumacious witness, not as to the settlement of interrogatories. The rule refers to the practice then obtaining in equity with respect to the compulsion of testimony by the witness, or his punishment for refusal to testify. As an incident to the power of compulsion, and by analogy to the rule obtaining with respect to depositions at law under oral interrogatories, the court or judge having jurisdiction of the witness, for the purposes of the exercise of the power of compulsion and the punishment of a refractory witness, must determine the materiality of the question declined to be answered.