### UNITED STATES v. TERMINAL R. ASS'N et al.

(Circuit Court, E. D. Missouri, E. D. June 11, 1907.)

1. WITNESSES—SUBPŒNA DUCES TECUM—SUFFICIENCY OF APPLICATION.

A petition for a subpœna duces tecum is sufficiently definite with respect to the books or documents required, where the description is specific enough to enable the witness to produce them without uncertainty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 22.]

2. SAME.

To entitle a party to a subpœna duces tecum requiring a witness' not a party to the action to produce books and documents in his possession, it is not sufficient to allege merely that the documents are material and relevant to the issues in the case; but the facts that will enable the court to determine that they are prima facie material and relevant must be set out.

In Equity. On motion to quash subpœna duces tecum.

See 148 Fed. 486.

This is an action under the Sherman anti-trust act to enjoin the defendants from continuing in an unlawful combination to fix passenger rates, etc. Upon an ex parte application of the complainant the court directed the issuance of a subpœna duces tecum directed to J. E. Hannegan, who is not a party to the action, to appear before the special master to whom the cause had been referred and produce there certain books and documents described in the petition for the subpœna, to be used as testimony. The witness, having been duly served with the subpœna, now comes into court and moves the court to quash the subpœna as having been improvidently issued. Accompanying the petition is an affidavit of the witness, admitting that he has in his possession the records and documents called for by the subpœna, but denying that said records, papers, and letters "relate to passenger rates and the fixing thereof by the agents and representatives of the defendants in the cause, and to meetings held to fix and maintain uniform rates by the defendants." The motion to quash alleges as grounds, first, that the description of the documents is too general; and, second, that the petition merely states that the evidence is material and relevant to the issues involved in the cause, but fails to state specifically any of the facts which will show that they are either material or relevant. The original petition for the subpœna merely states that the books and documents called for are material and relevant evidence in the cause, but does not state any of the facts to show that they are either relevant or material.

John F. Lee and Robert & Robert, for the motion.

H. W. Blodgett, U. S. Atty., Chester H. Crum, and E. C. Crowe, opposed.

TRIEBER, District Judge (after stating the facts). The description of the documents and books called for is specific enough to enable the witness to produce them without any inconvenience. It is not so general as to warrant the inference that they are wanted merely for a

"fishing examination." For this reason that ground of the motion to quash cannot be sustained.

The important question to be determined is whether, on an application for a subpœna duces tecum, it is sufficient for the mover to allege merely "that the documents desired are material and relevant to the issue in that cause," as alleged in the petition, or whether the facts should be set out sufficiently full in order to enable the court to determine whether the documents to be produced are in fact at least prima facie material and relevant to the issues of the cause. As a general rule, conclusions of law are not sufficient in any pleading. The pleader must state the facts, and it is for the court to determine, from a consideration of them, whether they are sufficient in law to entitle the party to the relief sought. Does that rule apply to a petition for a subpœna duces tecum? It is important to remember that the documents are not sought from one of the parties to the action, nor for the purpose of discovery, but as evidence in the possession of the witness who is not a party to this action.

In Phelps v. Prothero, 2 De Gex & Smale, 274, 290, the same question was before the court. Vice Chancellor Bruce, before whom the matter came, in denying the motion, said:

"The deeds are not sought for the purpose of discovery. * * * As to the other documents, it may as a general rule be true that, when a witness is required to produce documents in his custody, he ought to produce them simply and leave to the court adjudicating between the parties to decide whether they are evidence; but my impression is that on a motion of this kind the court is bound to exercise a discretion not to order a document to be produced unless some reason is shown rendering it probable that it will be evidence between the parties in the cause. Now, as to the documents in question, I do not see any ground for supposing that they would be evidence between the parties upon the record, and I do not think that the court ought to compel the private documents of a third person to be produced, without some probability, to say the least, of their being useful for some purpose between the parties. Upon this ground, without entering into the other objections, and without giving any opinion upon them, I think that the court ought not to interfere."

In Hale v. Henkel, 201 U. S. 43, 77, 26 Sup. Ct. 370, 380 (50 L. Ed. 652), the court, in speaking of a general order to produce books under a subpœna duces tecum, say:

"Doubtless many, if not all, of these documents may ultimately be required; but some necessity should be shown, either from an examination of the witnesses orally or from the known transactions of these companies with the other companies implicated, or *some evidence of their materiality produced*, to justify an order for the production of such a mass of papers. A general subpœna of this description is equally as indefensible as a search warrant would be, if couched in the same terms"—citing Ex parte Brown, 72 Mo. 83, 37 Am. Rep. 426; Shaftsbury v. Arrowsmith, 4 Ves. 66; Lee v. Angus, L. R. 2 Eq. 59.

In Ex parte Peck, 3 Blatchf. 113, Fed. Cas. No. 10,885, there was a motion for an attachment for an alleged contempt, the witness refusing to obey a subpœna duces tecum, and it was held that, before he could be held guilty of a contempt:

"It must also be shown that the witness was called to testify to facts material and relevant to the issue in the cause. The court will interfere in this summary way only to aid the plain demands of justice, and will not

attach a witness for neglecting to testify without evidence that his testimony is pertinent to the case and such as the party is entitled by law to demand."

In Re Judson, 3 Blatchf. 116, Fed. Cas. No. 7,563, the same learned judge said:

"I see no reason why any more stringent obligation should be imposed upon a witness in these outside examinations than is enforced in court. Before the court will adjudge a witness to be in contempt, or commit him therefor, it will require more than proof that he declines to respond to a question. It will inquire whether the question is relevant and material to the case or hearing, and also whether the witness is legally exempt from answering it."

In United States v. Tilden, 10 Ben. 566, Fed. Cas. No. 16,522, it was held:

"I have * * * reached the conclusion that, under the law, it is competent for the court to issue a subpœna duces tecum to compel the production upon the examination of books and papers which would be competent evidence in the cause."

It will be noticed that the court did not hold that it had the power, by a subpœna duces tecum, to call for the production of any papers, but only those "which would be competent evidence in the case." It follows necessarily, from this limitation of the court's power, that a subpœna duces tecum should not issue as of course, but only under some restrictions, such as a prior investigation into the materiality of the evidence called for.

In Bischoffsheim v. Brown (C. C.) 29 Fed. 341, it was held that:

"The books, papers, and documents asked to be produced not being shown to be material or relevant, the motion for a subpœna duces tecum must be denied."

In United States v. Hunter (D. C.) 15 Fed. 712, there was a motion, as in this case, to quash a subpœna duces tecum which had been issued on an ex parte petition and served on a telegraph operator, commanding him to produce certain telegrams in his possession. The court, after stating what allegations are necessary in the application for the subpœna, gives the reason therefor as follows:

"In order that the court or judge ordering the subpœna may have some means of judging the relevancy of the testimony sought."

In Dancel v. Goodyear Shoe Machinery Co. (C. C.) 128 Fed. 753, 760, an application for a subpœna duces tecum under section 863, Rev. St. [U. S. Comp. St. 1901, p. 661], was denied because it did not appear prima facie from the allegations in the petition that the documents called for were "material and necessary," although in the petition it was stated that they were material and necessary. Judge Colt, who delivered the opinion in that case, after a very exhaustive review of the authorities on the subject, said:

"A party undoubtedly has the right to invoke the process of the court to compel the attendance of witnesses and the production of such papers as are material to his case; but neither the right of a party nor the power of the court extends beyond this. A party has no right, and the court has no power, to compel the production, either in court or before a magistrate, of the private papers of a witness which are not relevant and material to the case. Any practice which sanctions such a proceeding is unwarranted and

an infringement upon a fundamental personal right guarantied by the federal Constitution. The courts have always recognized this protection to the individual secured by our organic law. Such recognition is seen in the distinction which is made between a subpœna ad testificandum and a subpœna duces tecum. The former is a process of right, while the latter is addressed to the discretion of the court. The discretion here does not mean that the court has power to refuse the compulsive production of a paper which is material evidence in the case, but that before compelling its production by a subpœna duces tecum it will sufficiently inquire into the matter to determine if the evidence appears to be material, and, if not satisfied on this point, it will decline to issue the writ."

In Crocker-Wheeler Co. v. Bullock (C. C.) 134 Fed. 241, a similar question was before the court, and it was there held that the facts sought to be proven by the books sought to have produced by the subpœna were not relevant or material to the issues in the cause, and that for this reason the witness had a legal right to withhold them.

The only cases cited to the court by the learned counsel for the complainant as opposed to these views and sustaining the contention of complainant that a mere allegation in the petition for the subpœna that "the said books and papers are material and necessary evidence in said cause" is sufficient, are United States v. Babcock, 3 Dill. 566, Fed. Cas. No. 14,484, and an opinion by Judge Finkelnburg in this case (C. C.) 148 F. 486. As Judge Finkelnburg practically adopts Judge Dillon's views as expressed in the Babcock Case, it is only necessary to refer to that opinion, which was an oral opinion delivered by Judge Dillon, concurred in by Judge Treat. The great learning of that eminent jurist entitles his opinions to the very highest consideration, but they are not of binding authority. It will be noticed that Judge Dillon cites no authorities to sustain his conclusion, and in view of the fact that the decision was made in the midst of an important trial before a jury, and delivered orally, the learned judge probably failed to give it that careful consideration which he usually gave to his opinions. In fact, it seems this matter was not insisted on by counsel, for the learned judge says:

"But Mr. Shepley suggested in argument that there was no sufficient showin' that these papers were material, but we understood him finally not to insist on that point."

In Ex parte Brown, 72 Mo. 83, 96, 37 Am. Rep. 426, a very carefully considered case on that subject, the court expressly declined to follow that case, saying:

"The case of Babcock v. United States, 3 Dill. 567, Fed. Cas. No. 14,484, relied upon as an authority as to the sufficiency of the identification of the telegrams, supports the view it is cited to sustain; but, with the highest respect for the learning and ability of the judges who granted the order for the subpœna in that case, we cannot agree with them. Their opinion, delivered by Judge Dillon, is totally at variance with our convictions on the subject."

This decision of the Supreme Court of Missouri was cited with approbation and followed by the Supreme Court of the United States in Hale v. Henkel, supra, thus practically adopting the refusal of that court to follow the views of Judge Dillon in United States v. Babcock. Section 869, Rev. St. [U. S. Comp. St. 1901, p. 665], although

applicable only to depositions taken under a dedimus potestatum, provides for authority to issue a subpœna duces tecum upon "such judge being satisfied by the affidavit of the person applying, or otherwise, that there is reason to believe that such paper, writing, written instrument, book or other document is in the possession or power of the witness and that the same, if produced, would be competent and material evidence for the party applying therefor"—thus showing that Congress, in legislating upon this subject, has carefully restricted the power of the courts to cases in which the evidence is relevant and material.

The allegation of counsel in the petition that the evidence is material or relevant is but a conclusion of law. It is for the court to determine from the facts set out in the petition, or perhaps other proofs, whether the documents, when produced, will be relevant and material. In my opinion, in order to entitle a party to a subpœna duces tecum requiring a witness not a party to the action to produce books and documents in his possession, it is not sufficient to allege merely that the documents required are material or relevant to the issues; but the facts which will show the court that they are relevant and material must be set out, in order to enable the court to determine that fact.

Seeking the production of papers and documents for the purpose of finding out whether or not they contain information valuable to the party demanding them has been aptly denominated a "fishing examination," and is always regarded as oppressive, and as such denied. 2 Elliott on Evidence, § 1410; United States v. Tilden, supra. At the same time, the court, in passing on the question of materiality or relevancy, will not be governed by the strict rules of evidence governing the admissibility of evidence on final hearing. That will be left for determination at the hearing. It is sufficient if the facts set out in the petition or the proofs adduced show a prima facie case, or sufficient to enable the court to say that there is reasonable cause to believe that such evidence is relevant or material; or, as stated by Judge Colt in Dancel v. Goodyear Shoe Machinery Co., supra:

"The court will not finally determine the question of materiality on such application, but it must be reasonably satisfied that the evidence is relevant and material."

From the allegations in the petition for the subpœna duces tecum, the court is unable to determine whether such is the fact, and for this reason the order for the subpœna was improvidently granted, and the motion to quash is sustained, without prejudice to the filing of another petition.