STATE OF MISSOURI ex rel. OZARK COOP-
ERAGE & LUMBER COMPANY, Relator, v.
GUSTAVUS A. WURDEMAN, JUDGE, Re-
spondent.

**St. Louis Court of Appeals, July 5, 1913.**

1. WITNESSES: Subpoena Duces Tecum: Application. An ap-
plication for a subpoena *duces tecum*, to require a witness
who is not a party to the action to produce books and docu-
ments, must state facts enabling the court to determine that
such books and documents are material and relevant; and
hence a petition which merely alleged that the books and
documents called for constituted material evidence necessary
at the trial was insufficient.

2. PROHIBITION: Restraining Illegal Issuance of Subpoena
Duces Tecum. Prohibition will lie to prevent a circuit court
from issuing a subpoena *duces tecum* against one who was
not a party to the action, where the application for the sub-
poena did not state any facts from which the circuit court
could determine the relevancy and materiality of the evidence
sought to be produced.

3. APPELLATE PRACTICE: Taxation of Costs: Proceeding
Against Judge. Costs should not be taxed against a circuit
judge against whom a preliminary rule in prohibition is made
absolute.

Original Proceeding in Prohibition.

WRIT MADE ABSOLUTE.

*Block & Sullivan* for relator.

(1) An application for a subpoena *duces tecum*
for an inspection or for the production of documentary
evidence, must so state the facts as that the court may
therefrom determine the materiality and necessity
thereof. It is not enough to say that they are material
or necessary, because the court, and not the litigant,
must determine that question. State ex rel. v. Trust
Co. (oral opinion of the Supreme Court cited as so

holding in State ex rel. v. Tobacco Co., 177 Mo. 43);
United States v. Railroad Assn., 154 Fed. 268; 4 Ency.
of Evidence, pp. 816-819; Condect v. Wood, 25 N. J. L.
322; Jenkins v. Bennett, 40 S. C. 400; Neafie v. Miller,
37 Fla. 180; Bissell v. Insurance Co., 77 N. Y. Supp.
536; Railroad v. Lewis, 58 S. E. (Ga.) 676; Bentley v.
People, 107 Ill. App. 247.   (2)   This subpoena con-
stituted an unreasonable search and seizure of re-
lator's records contrary to sec. 11, art. 11 of the Con-
stitution.  Ex parte Brown, 72 Mo. 89; Hale v. Henkel,
201 U. S. 76; State v. Davis, 117 Mo. 617; State ex rel.
v. Bragg, 51 Mo. App. 334.   (3)   Where a court is pro-
ceeding without jurisdiction, or in excess of its juris-
diction, it may be prohibited from so doing.  State ex
rel. v. McQuillin, 152 S. W. —; State ex rel. v. Riley,
203 Mo. 192.   In this case relator is entitled to a
peremptory writ prohibiting respondent from pro-
ceeding further with the execution or enforcement of
said subpoena, or (that which is the precise equiva-
lent) a writ affirmatively commanding respondent to
quash the subpoena as improvidently issued.  Relator
was not a party to the case of Walker v. Charlot and
hence had no right of appeal therein, and no remedy
against this subpoena whatever except an extraordi-
nary remedy at the hands of a court of supervisory
jurisdiction.  The rule is, that an extraordinary
remedy will not be denied where there is no appeal;
nor even where there is an appeal, if the remedy by
appeal is not equally efficacious.  State ex rel. v. Sake,
153 Mo. App. 282; State ex rel. v. Dunton, 128 Mo.
App. 314.   (4)   The return of the learned judge does
not deny (and therefore admits) the averments of the
alternative writ.  State ex rel. v. Adams, 161 Mo.
363; State ex rel. v. Riley, 219 Mo. 691.

*Henry B. Davis* and *Charles Erd* for respondent.

(1)  (a)  Courts have inherent power, which is
frequently confirmed by express statutes, to issue a

subpoena *duces tecum* in a proper case, and this power is not affected by the constitutional guaranties against unreasonable searches and seizures. 40 Cyc. 2166-2167; Hale v. Henkel, 201 U. S. 43; U. S. v. Assn., 148 Fed. 486; State ex inf. v. Tobacco Co., 177 Mo. 43. (b) The constitutional guaranties invoked by the relator have no application to the subpoenas in issue in the case at bar, which specifically describe the documentary evidence whose production the subpoenas command. These guaranties may protect against a subpoena *duces tecum* which is so sweeping in its terms as to be unreasonable. Hale v. Henkel, supra. (2) (a) A motion for a subpoena *duces tecum* is addressed to the discretion of the court; and as a legal means of obtaining testimony, it cannot be regularly opposed by the opposite party, in his character, as such, nor by the person to whom the subpoena is addressed, where the evidence commanded to be produced is specifically described. 40 Cyc. 2169; U. S. v. Burr, 25 Fed. Cas. No. 14,692d. (b) Counsel for relator, in their brief, at page three, concede the foregoing proposition when they declare that the court, and not the litigant, must determine the question of the materiality of the evidence sought to be produced. (3) (a) Where the court, on a motion to recall and quash a subpoena *duces tecum,* filed by the party to whom the subpoena is directed, determines that the evidence ordered to be produced is material, after a full and complete investigation of the facts, and consideration of the issues involved, it is immaterial that the application for the subpoenas fails to disclose, on its face, the materiality of the evidence. The omission of the application to state facts showing the materiality of the evidence is cured when these facts are adduced on the hearing of the motion to recall and quash the subpoena. U. S. v. Assn., 148 Fed. 486. (b) And where a party asserts that his rights are invaded by a subpoena *duces tecum,* and has applied to the

court whose duty it is to enforce it, to set aside such process on the ground that it is invalid, he is bound by the court's determination of the validity of such process. 40 Cyc. 2170; Matter of Foster, 139 N. Y. App. Div. 769. (4) A subpoena *duces tecum* is available to compel the production of the books and papers of a corporation, although the corporation is not a party to the suit. 40 Cyc. 2168; Winder v. Diffenderffer, 2 Bland (Md.), 166; Wertheim v. Railroad, 15 Fed. 716, 21 Blatchf. 246. (5) (a) A subpoena *duces tecum* must specify with as much precision as is possible the particular books or documents desired, as a party is not entitled under such a writ to have brought into court a mass of books and papers that he may search through them to gather evidence; but the description need not be exact and full in all particulars, and it is sufficient if the books and papers are designated with reasonable certainty, so that the witness may know what is required of him. 40 Cyc. 2168; In re Storror, 63 Fed. 564; U. S. v. Babcock, 24 Fed. Cas. No. 14,484. (b) The subpoenas *duces tecum* whose enforcement the relator is seeking to enjoin by writ of prohibition are in conformity to the law, as above declared, with respect to legal process, and the court, in enforcing the same, was not proceeding without jurisdiction, nor acting in excess of the jurisdiction conferred upon it by law. (6) Relator is in no position to complain of the enforcement of the subpoenas *duces tecum* under consideration in the case at bar, for it nowhere appears in the record before this court that it offered, at the hearing on the motion to recall and quash said subpoenas, to show that the books, records, documents and papers called for did not contain material evidence to the plaintiff's case in the action in which the subpoenas were issued. There was nothing to prevent the relator, if there was a bonafide doubt in the minds of its officers as to whether said documentary evidence was material, in any re-

spect, to the case in which it was ordered to be produced, to submit said evidence to the inspection of the court, who would have then been in a better position to decide on the question of its production. 40 Cyc. 2170; U. S. v. Hunter, 15 Fed. 712.

NORTONI, J.—This is an original proceeding in prohibition. From the preliminary writ and the respondent's return thereto, it appears there is no controversy touching the facts.

The respondent is judge of the circuit court of St. Louis county and presides in division No. 2 thereof. There is pending in that court the case of George W. Walker v. Frederick S. Charlot et al., wherein it is alleged that the plaintiff in that suit recovered a judgment several years ago against the Ozark Cooperage Company; that Frederick B. Charlot and others named in the petition constituted the president and board of directors of that corporation; that such officers dissolved the corporation thereafter and organized another one under the same name—that is, the Ozark Cooperage Company—and paid for the capital stock of the succeeding corporation through turning over to it all of the assets of the prior one, against which plaintiff had recovered judgment; that such constituted a fraud on the rights of the plaintiff and that as the defendants in that suit had received the benefits of the fraud they should compensate his judgment theretofore recovered against the first corporation of which they were officers. It seems in the interim a third corporation has been organized and chartered under the laws of the State of New Jersey under the name of the Ozark Cooperage & Lumber Company, and it is this corporation that is the relator here.

In connection with his suit against Charlot and others, George W. Walker, the plaintiff therein, sued out a subpoena *duces tecum,* directed to the third corporation and its officers—that is, the present relator—

commanding it and such officials to bring into court divers and sundry books, papers, records, etc., to be used in evidence. The relator thus summoned under the subpoena *duces tecum* is not a party to the suit above mentioned. Relator and its officers declined to comply with the command of the subpoena *duces tecum* and sued out the writ of prohibition against respondent on the grounds that the circuit court of St. Louis county was about to exceed its jurisdiction in enforcing compliance with such subpoena *duces tecum,* for that the petition for the subpoena *duces tecum* was indefinite, uncertain and insufficient to authorize the court to issue the subpoena.

The application for the subpoena *duces tecum* is, indeed, indefinite and in nowise purports to state the facts from which it could be ascertained by the court that the documents, books and papers sought to be adduced are in any wise pertinent or relevant to the issues in the case in which it was issued. Such application merely recites that those documents, books, papers, records, etc., "constitute material evidence to the plaintiff's cause and it is necessary to have the same at the trial of said cause," and this is the sum total of the recital touching that matter. The law is well settled that to entitle a party to a subpoena *duces tecum* requiring a witness not a party to the action, as here, to produce books and documents in his possession, it is not sufficient to allege merely the documents are material and relevant to the issues in the case, but the facts that will enable the court to determine that they are prima-facie material and relevant must be set out. [See United States v. Terminal R. R. Ass'n, 154 Fed. 268; see also a judgment of our Supreme Court reflecting the same rule of decision in the case of State ex inf. Crow v. Continental Tobacco Co., 177 Mo. 1, 43, 75 S. W. 737. See, also, Ex parte Brown, 72 Mo. 83.]

The petition for the subpoena *duces tecum* is obviously insufficient and it appears that the court declined to quash it on a motion to do so. Moreover, from respondent's return, it appears that no evidence was introduced at the hearing of the motion to quash the subpoena revealing a state of facts from which the court could determine the relevancy and materiality of the evidence sought to be thus brought into court. This being true, any subsequent proceeding to enforce obedience to the subpoena *duces tecum* would, of course, exceed the power of the court in that behalf, and prohibition will lie. [See People v. Dunning, 113 N. Y. App. Div. 35; 98 N. Y. Supp. 1067; 32 Cyc. 622; see, also, Ex parte Brown, 72 Mo. 83; United States v. Terminal R. Assn., 154 Fed. 268.]

The preliminary rule in prohibition should, therefore, be made absolute but without costs. [See State ex rel. v. Nixon, 232 Mo. 98, 133 S. W. 336.] It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.