## VIVIENNE MAY COAN ET AL.

*v.*

## JOSÉ A. LOPEZ ANTONGIORGI.

---

San Juan, Law, No. 218.

ON MOTION TO CAUSE PRODUCTION OF DOCUMENT BY A WITNESS.

Practice—Subpœna Duces Tecum.
    The 4th Amendment to the Constitution does not deprive courts of their right to issue a subpœna duces tecum. But to prevent the application from constituting an unreasonable search, it must show that the facts desired are relevant and material, and specify them. The court may require evidence in order to decide whether the application is a proper one and does not infringe the privacy to which every man is ordinarily entitled.

Opinion filed June 20, 1918.

Coan v. Antongiorgi.

*Mr. Frank Antonsanti* for plaintiffs.

*Mr. H. R. Francis* for defendant.

HAMILTON, Judge, delivered the opinion of the court:

This application relates to a particular contract which has been identified, that is to say, identified as to date and parties. Yesterday, to save time, the cause being in progress, the witness was directed to have a certain paper here subject to proper proceedings, without waiting for a written application for a subpœna duces tecum, but the principles governing the production of the paper must be exactly the same as those governing the production under a subpœna duces tecum. To-day, I understand the witness has the paper with him, but refuses to show it. I suppose the motion really is for the court to compel him to do it. Of course, if the witness does not produce it when ordered by the court, that amounts to a contempt, and he could be sent to jail or otherwise punished. So that the question is, without the witness intending contempt, a serious one for him, and even a more serious one, probably, for the public at large, and it ought to be decided with some consideration.

Chamberlayne on Evidence discusses the point in this way, § 3618, vol. 5: "The 4th Amendment to the Constitution of the United States as to unreasonable search and seizure was not intended, and does not operate, to deprive courts of their rights in respect to the issuance and enforcement of lawful process. It, therefore, follows that a subpœna duces tecum, which is suitably specific and properly limited in its scope and calls for the production of documents, which, as against their lawful owner to whom the writ is directed, the party procuring

its issuance is entitled to have produced, is not violative there-
of." That is held in Wilson v. United States, 221 U. S. 361,
55 L. ed. 771, 31 Sup. Ct. Rep. 538, Ann. Cas. 1912D, 558.
"On the other hand, however, this provision and others of a
like nature in state constitutions have, for their object, the
protection of the individual in respect to his chattels, papers,
and the like. A party will be protected in his rights to his per-
sonal papers, documents, and writings against any act which
may be construed as amounting to an unreasonable search and
seizure. It may happen, therefore, that a subpœna duces tecum
may be of such a broad and sweeping character as to come with-
in the meaning of the phrase, 'unreasonable search and seizure.'
In any such case the aid of the court by such a process should
be refused." The authority for this is the case of Kullman, S.
& Co. v. Superior Ct. 15 Cal. App. 276, 114 Pac. 589. The
discussion in that case is of some value. It goes on to say:
"What we do intend to say is that such power can be exercised
by the court only where the facts clearly and without question
warrant it, and that such facts must be produced, manifestly,
only through the instrumentality of competent and not hear-
say evidence. . . . There are, in other words, two essential
facts which must be made to appear by clear and unequivocal
proof as a condition precedent to the right of a court to require
a person to deliver up for examination by a court his private
books and papers, viz.: 1. That such person has a book, or
paper, or document, containing evidence material to the issue
before the court. 2. That the precise book or paper or docu-
ment containing such evidence be designated or so described
as that it may be identified." Chamberlayne continues, § 3619:
"In case of an application to the court for a subpœna duces

tecum, it is generally regarded as essential that the petition should set forth facts sufficient to inform the court as to what writings are desired, and to show in what respect they are relevant or material. It is not regarded as sufficient for the mover to allege, in his petition for such a subpœna, 'that the documents desired are material and relevant to the issue in that cause,' such an allegation being a mere conclusion of law; the facts should be set out, leaving it for the court to determine whether the relief sought should be granted. It must appear that the writings desired are relevant and material, though, in this respect, the court will not be governed by the same strict rules as will affect its determination of the admissibility of the evidence at the final hearing; a prima facie case sufficient to create a reasonable belief that the evidence furnished by the documents is relevant or material is all that the proponent will ordinarily be required to establish." The authorities cited for that are United States v. Terminal R. Asso. 154 Fed. 268. "The pleader must state the facts and it is for the court to determine, from a consideration of them, whether they are sufficient in law to entitle the party to the relief sought. Does that rule apply to a petition for a subpœna duces tecum? It is important to remember that the documents are not sought from one of the parties to the action." In the case at bar the witness is not a party to the action. "Nor for the purpose of discovery, but as evidence in the possession of the witness who is not a party to this action. . . . The allegation of counsel in the petition that the evidence is material or relevant is but a conclusion of law. It is for the court to determine from the facts set out in the petition, or perhaps other proofs, whether the documents, when produced, will be relevant and material.

### Coan v. Antongiorgi.

In my opinion, in order to entitle a party to a subpœna duces tecum requiring a witness not a party to the action to produce books and documents in this possession, it is not sufficient to allege merely that the documents required are material or relevant to the issues; but the facts which will show the court that they are relevant and material must be set out, in order to enable the court to determine that fact."

The following is from an English case by Vice Chancellor Bruce (Phelps v. Prothero, 2 De G. & S. 274, 290, 64 Eng. Reprint, 123) : "My impression is that on a motion of this kind the court is bound to exercise a discretion not to order a document to be produced unless some reason is shown rendering it probable that it will be evidence between the parties in the cause. Now, as to the documents in question—beyond the contract—I do not see any ground for supposing that they would be evidence between the parties upon the record, and I do not think that the court ought to compel the private documents of a third person to be produced, without some probability, to say the least, of their being useful for some purpose between the parties. Upon this ground, without entering into the other objections, and without giving any opinion upon them, I think that the court ought not to interfere."

The result of the investigation, as I understand it, is this. When it comes to parties, the statute prescribes a certain way in which they can be made to produce papers. That is not this case. Here is the case of a witness. He is brought here, in effect, under a subpœna duces tecum, and ordinarily, in order to secure such a subpœna, a party or an attorney desiring it must make a petition, or,—we have it a little shorter in this court,—a motion, which under this ruling, in order not to con-

Coan v. Antongiorgi.

flict with Amendment 4 of the Constitution of the United States, must show two things; first, it must describe the particular paper. Well, the application in this case shows that a particular contract is wanted. I do not think there is any objection on that score. And, second, must show the materiality of the paper. The showing of materiality must go further than simply the allegation that it is material. That would be a conclusion of the pleader. It must show in what respect it is material. So that as the matter stands right now I should have to refuse the motion to make the witness produce the paper. I do not require it in the shape of an affidavit, because counsel in dealing with the court are on their professional responsibility just the same as on affidavit. In this case or any other, apart from the question of the identity of the paper, which is all right, counsel will have to show in what respect the paper required to be produced will be material upon the trial of the case. For instance, if he states upon professional responsibility that this paper shows that the plaintiff therein stated that he was domiciled in Porto Rico, that would make it material, the plaintiff having signed the paper. I do not mean, of course, that that is the only thing. In order for the court to exercise its power of punishment, because that is what it amounts to now, it will have to appear to the court that the witness is refusing to produce a paper which is material, and that materiality must be shown in some definite way and not simply by the allegation that the paper is material. Counsel has not even said that yet. He has asked that the witness produce a paper supposed to be material, but has not stated that it is material, and he will have to go beyond that and state in what respect it is material. That may be requiring a good deal, because counsel very likely does

not know what is in the paper if he has not seen it; but that does not change the rule. Going beyond this would be infringing the Constitution of the United States. In other words, a man is entitled to privacy in his business and in his home, except where it conflicts with the right of some other. To establish that it conflicts with the right of some other person, it must be shown in writing or orally. So, as the matter stands right now, the petition to cause the witness to produce the paper is overruled.

(After a further showing made by counsel for the defendant in accordance with this opinion, the witness was ordered to produce the paper in question.)