**GENERAL FINANCE CORPORATION v. NEW YORK STATE RAILWAYS et al., and three other cases.**

No. 148.

District Court, W. D. New York.

Dec. 18, 1931.

Cook, Nathan & Lehman, of New York City, and Harris, Beach, Folger, Bacon & Keating, of Rochester, N. Y. (Arthur E. Sutherland and Kenneth B. Keating, both of Rochester, N. Y., of counsel), for the motion.

Henry W. Killeen, of Buffalo, N. Y., opposed.

ADLER, District Judge.

This matter comes before the court on an order to show cause why subpœnas duces tecum should not issue in this proceeding directed to Rochester Gas & Electric Corporation, Associated Gas & Electric Company, and Rochester Central Power Corporation for the production of books and records of said companies before a special master appointed in the consolidated cause to pass upon the validity, priority, preference, and all matters connected with claims duly presented against the defendant in the above action.

An oral argument by counsel followed the filing of affidavits and briefs. The briefs filed in behalf of the motion argue extensively the question of the authority of the clerk of the United States District Court to issue a subpœna duces tecum without an order of the District Judge. I consider that it is not necessary to discuss or pass upon that question on this motion. The motion here is addressed to the court with the request that the court order the issuing of the subpœna duces tecum asked for. The sole question is whether or not the court will order such subpœna on the facts as they are presented to the court on this motion.

If the court is to order that this subpœna issue, it is necessary for it to determine whether the books and records demanded as evidence will be competent and mate-

rial evidence for the parties in the proceedings before the special master. A subpœna duces tecum will be issued on order of the court upon satisfactory preliminary proof that the documents are prima facie competent and material evidence in the case. Dancel v. Goodyear Machinery Co. (C. C.) 128 F. 753.

The facts that will enable the court to determine that they are material and relevant must be fully set out. United States v. Terminal R. R. Association (C. C.) 154 F. 268.

If it clearly and affirmatively appears that the evidence sought cannot possibly be competent, material, or relevant, and that it would be an abuse of the process of the court to compel its production, it may refuse to do so. Dowagiac Mfg. Co. v. Lochren (C. C. A.) 143 F. 211–214, 6 Ann. Cas. 573; Hughes v. Reed (C. C. A.) 46 F.(2d) 435.

On this motion the facts relative to the materiality and relevancy of the evidence sought to be obtained by issuing these subpœnas duces tecum are presented in the affidavit attached to the order to show cause. Matters are set forth in opposition in an affidavit made by the counsel opposing the motion. These matters were extensively discussed and elaborated on the oral argument.

The question before the special master is the claim of a preference on the claim filed by the General Finance Corporation v. New York State Railways. The New York State Railways on November 1, 1929, owed to the city of Rochester a special franchise tax of $100,742.86. On that date, the New York State Railways paid to the Rochester Gas & Electric Corporation for power furnished to it prior to that date the sum of $103,170.01. The Rochester Gas & Electric Corporation drew its check to the Rochester Central Power Corporation for $100,742.86, which was the amount of the franchise tax owing to the city of Rochester by the New York State Railways. Apparently on the same day, the Rochester Central Power Corporation drew its check to the Union Trust Company for that same amount, $100,742.86, and the Union Trust Company drew its cashier's check payable to the Rochester city treasurer for that amount in payment of the special franchise tax. A receipt was taken for the special franchise tax in the name of the Associated Gas & Electric Company, and the Associated Gas & Electric Company assigned its claim to the General Finance Corporation.

The question before the special master is whether this claim founded upon the payment to the city of Rochester is a preferred claim as presented by the General Finance Corporation. The moving parties urge that an examination of the books of these companies, which are sought to be subpœnaed, will enable them to determine the financial arrangements as between these companies with reference to the payment of the $100,742.86, and that such knowledge is material and relevant on the question of the priority of that claim. Counsel for the various companies in opposition contend that the facts of the payments have been fully testified to and are undisputed, and that what the arrangements were between these companies as to this particular money has nothing to do with the question of whether this claim acquired a preference when the money was paid to the city of Rochester.

The moving affidavit sets forth that the Associated Gas & Electric Company, the Rochester Gas & Electric Corporation, the General Finance Corporation, and the other affiliated companies are controlled by the same interests, and the affidavit states that the deponent believes that it is material and relevant to the defense against this claim to obtain from the books and records of the Rochester Gas & Electric Corporation, the Rochester Central Power Corporation, and the Associated Gas & Electric Company information concerning this transaction of $100,742.86. The affidavit does not set forth any facts for the consideration of the court that persuade me that anything disclosed by such examination would affect the priority or lack of priority of the claim in question.

I have concluded from my consideration of the papers and from the arguments presented on this application that the papers, books, and records requested to be produced by subpœna duces tecum are not material and relevant in the matter of this particular claim to be passed upon by the special master.

The request that subpœnas duces tecum be ordered herein is denied.