**Petition of KNIGHT.**

District Court, S. D. New York.
May 13, 1938.

Joseph Heller, of New York City, for petitioner.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Burgess Osterhout and Hyler Connell, both of New York City, of counsel), for respondents.

MANDELBAUM, District Judge.

The petitioner, not a party to the action, moves to quash a subpoena duces tecum and a subpoena to testify heretofore issued by the clerk of this court and served upon said petitioner, returnable before a special master appointed by an order of this court. The subpoena to testify is

valid and may be issued by the clerk of the court without a prior application of the court. Rule 52 of the Equity Rules of the United States Supreme Court, 28 U.S.C.A. following section 723.

The question of the validity of the subpoena duces·tecum presents a different problem. Without passing upon the authority of the clerk of the court to issue such process, I am of the opinion that the generally accepted and proper practice in equity actions in federal courts is to apply to the court upon notice to the prospective witness for an order directing the clerk to issue a subpoena duces tecum. I think such requirement is sound in that it adequately protects the witness in that he is given the opportunity to object to the evidence sought on the ground that the same is not material, necessary or relevant or any other constitutional ground which he may see fit to urge; such practice also prevents the moving party from embarking on an exploratory expedition into the private affairs of the witness. See General Finance Corporation v. New York State Railways, D.C., 1 F.Supp. 381; Simkins Federal Practice, Revised Edition, Section 788; Hughes Federal Practice, Vol. 6, §§ 4030, 4031.

The motion is accordingly granted and the subpoena duces tecum heretofore issued by the clerk of this court is quashed, with leave to the plaintiff to apply upon notice to the petitioner for an order of the court directing the clerk to issue such process. Settle order on 1 day's notice.